[S. F. No. 3950. In Bank.—December 10, 1904.]

## GEORGE B. MERRILL, Appellant, v. ANDREW J. GUNNISON et al., Respondents.

ACTION FOR SERVICES — COMPROMISE OF LITIGATION — CONFLICTING EVIDENCE—REASONABLE CAUSE FOR BELIEF—SUPPORT OF FINDING.—In an action for services alleged to have been rendered for defendants in effecting a settlement and compromise of litigation, where the court found that such defendants did not engage the services of plaintiff, nor employ him in the settlement and compromise, nor request him to perform the services, and the evidence is conflicting as to whether the defendants had reasonable cause to believe that plaintiff was working for their benefit and expected pay from them, or as to whether they had reasonable cause to believe, and did believe, that plaintiff acted solely as agent for the opposite party to the compromise, the finding is supported, and cannot be disturbed upon appeal.

ID.—PROVINCE OF TRIAL COURT—CONFLICTING INFERENCES.—It is the province of the trial court not only to weigh testimony which is in direct conflict, but also to determine between conflicting inferences and deductions which may reasonably be drawn from the direct testimony given and the circumstances proven.

ID.—FINDING—ABSENCE OF REQUEST—IMPLIED REQUEST NEGATIVED.— The finding that the services were not rendered at the request of the defendants includes the negation of an implied as well as of an express request.

ID.—CONSTRUCTION OF FINDINGS—IMMATERIAL OMISSIONS.—The findings must be so construed as to sustain the judgment where such construction is reasonable; and where it clearly appears therefrom that the defendants are not liable for the plaintiff's services it was unnecessary for the court to find whether or not they were rendered to or for some other person, or whether or not the plaintiff voluntarily rendered the services for the defendants without expectation of remuneration from them.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

George B. Merrill, and John H. Miller, for Appellant.

It is sufficient that the services were rendered with the knowledge and assent of the defendants for their benefit.

(Civ. Code, sec. 3519; 15 Am. & Eng. Ency. of Law, pp. 1082-1083; 1 Beach on Contracts, secs. 462, 650; 2 Parsons on Contracts, p. 47; Hammon on Contracts, sec. 50; Mechem on Agency, sec. 601; Wood on Master and Servant, sec. 71; *Shelton* v. *Johnson,* 40 Iowa, 84; *Scully* v. *Scully,* 58 Iowa, 548; *De Wolf* v. *City of Chicago,* 26 Ill. 444; *Wheeler* v. *Hill,* 41 Wis. 447; *Strasser* v. *Conklin,* 54 Wis. 102, 106; *Christy* v. *Sawyer,* 44 N. H. 298; *Hatch* v. *Purcell,* 21 N. H. 549; *Weston* v. *Davis,* 24 Me. 375; *McClary* v. *Michigan Central R. R.,* 102 Mich. 312; *Seals* v. *Edmondson,* 73 Ala. 298;[1] *Jones* v. *McGilvery,* 43 Me. 488; *McFarland* v. *Holcomb,* 123 Cal. 84-86; *Sacramento County* v. *Southern Pacific Co.,* 127 Cal. 223; *Brown* v. *Atchison,* 39 Kan. 37.[2]) The failure to make a finding in the issue as to the person for whom the services were rendered is a decision against law. (*Swift* v. *Occidental etc. Co.,* 141 Cal. 161; *Knight* v. *Roche,* 56 Cal. 17; *Spotts* v. *Hanley,* 85 Cal. 168; *Haight* v. *Tryon,* 112 Cal. 6; *Polk* v. *Boggs,* 122 Cal. 114.)

Orrin K. McMurray, and Campbell, Metson & Campbell, for Respondents.

The evidence is sufficient to justify a finding that plaintiff expected payment from the other party to the compromise, and that defendants had reason so to believe, and in this view defendants are not liable. (Harriman on Contracts, 2d ed., secs. 44, 45, 48; *Price* v. *Hay,* 132 Ill. 543; *Coleman* v. *United States,* 152 U. S. 96; *Boulton* v. *Jones,* 2 H. & N. 564.) All ambiguities and inferences in the findings must be resolved in support of the findings and judgment. (*People's Home Sav. Bank* v. *Rickard,* 139 Cal. 291, and cases cited.) The sufficiency of the findings to support the judgment cannot be considered on motion for new trial. (*Swift* v. *Occidental etc. Co.,* 141 Cal. 161; *Rose* v. *Mesmer,* 142 Cal. 322; *Sharp* v. *Bowie,* 142 Cal. 462.) It was unnecessary to find who was liable to pay plaintiff, since the findings show that defendants are not liable.

SHAW, J.—The plaintiff appeals from an order denying his motion for a new trial. The action is to recover the value of services alleged to have been rendered by plaintiff for the

[1] 49 Am. Rep. 51.　　　　　　[2] 7 Am. St. Rep. 515.

defendants in effecting a settlement and compromise of certain actions then pending in which one T. I. Bergin was plaintiff and Florence B. Moore was defendant, and in which the defendants here were attorneys for the defendant Moore.

The court found that the defendants did not engage the services of plaintiff, nor employ him in said settlement and compromise, nor request him to perform the services. The appellant admits that there was evidence to sustain a finding that there was no express request by defendants to the plaintiff to perform the services, but he insists that the uncontradicted evidence establishes facts from which the law will imply both a request and a promise to pay. The facts from which it is claimed that this request must be implied are, that plaintiff performed the services in question with the knowledge and assent of the defendants; that the services were beneficial to the defendants; that defendants have received the benefits; that the circumstances were such that the defendants had good reason to believe that plaintiff expected defendants to pay him for the services, and that they, without objection, permitted him to render the services, and did nothing to disabuse his mind of the expectation that they would pay him, or to let him know that they supposed he was acting for Mr. Bergin in the matter of the compromise. That there was some evidence tending to establish these facts cannot be denied. But, on the other hand, there was evidence which, either by direct statement or fair inference, tended to show that the defendants had reasonable cause to believe, and did believe, that the plaintiff was engaged by Mr. Bergin to perform the services in connection with the compromise; that the defendant Bartnett was the only one of the defendants who had any talk with plaintiff, and that the matter of the suit was first mentioned between plaintiff and Bartnett in two conversations which came up casually, or at least without design on the part of Mr. Bartnett; that the suggestion of a compromise came from the plaintiff; that there was nothing in the subsequent negotiations to indicate to the defendants that plaintiff was not acting in the matter at the instance and on behalf of Bergin; that they all the time supposed they were dealing with him as the representative of Bergin, and that their intention in stating to him from time to time what Mrs. Moore would pay in settlement was to inform him as Bergin's

agent, and not to authorize him as their agent to communicate the offers to Bergin. Under these circumstances, we cannot say that defendants had reason to believe that plaintiff expected them to pay him for his efforts in aid of the compromise, or that it was not reasonable for them to suppose that he was acting for Bergin, or that it was incumbent on them to inform him that they did not consider themselves to be his employers. The case is not the same as where one knowingly permits another to work for him under such circumstances that it would be unreasonable to suppose he was employed by a third person. Here there was good reason to suppose plaintiff was acting for the opposite party to the negotiation, and the plaintiff's own conduct was at least equivocal on that subject. We do not mean to say that there was not evidence contrary to these facts. But it is the province of the trial court not only to weigh the testimony which is in direct conflict, but also to determine between conflicting inferences and deductions which may reasonably be drawn from the direct testimony given and the circumstances proven. In view of this well-known rule we cannot hold that the findings are not supported by the evidence.

It is also claimed that the decision is against law for the reason that the court does not find the person or persons to whom the services were rendered. The finding that the services were not rendered at the request of defendants includes a negation of the fact of an implied request as well as of an express request, and means that there was no request, either express or implied. The findings must be so construed that they will support the judgment, where such construction is reasonable. As it thus clearly appears that the services were not rendered under circumstances which would make the defendant legally liable to the plaintiff for their value, it was not necessary for the court to find whether or not they were rendered to or for some other person, or whether or not the plaintiff voluntarily rendered the services to the defendants without expectation of remuneration from them.

The order is affirmed.

Angellotti, J., Henshaw, J., Lorigan, J., and Van Dyke, J., concurred.

Rehearing denied.