[L. A. No. 1331. In Bank.—February 3, 1906.]

EDWIN SMITH, Appellant, v. A. A. DUBOST, Respondent.

ACCOUNTING OF MINING PARTNERSHIP—DAMAGES FOR FRAUDULENT REP-
    RESENTATIONS — CONFLICTING EVIDENCE — SUPPORT OF FINDINGS —
    IMMATERIAL OMISSION TO FIND.—In an action for an accounting
    of an alleged mining partnership, and to recover damages for
    alleged fraudulent representations concerning a certain quicksilver

mine, where the evidence was conflicting, and the court found upon sufficient evidence that there was no partnership, and that defendant bought the mine and received a deed from plaintiff more than three years before the commencement of the action, and had since been the owner thereof, this court will not disturb the findings, and all the material issues being covered by them, a judgment for the defendant will not be reversed for failure to find upon immaterial issues.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

F. W. Dorn, and Dorn & Green, for Appellant.

McD. R. Venable, and W. H. Spencer, for Respondent.

THE COURT.—This appeal was transferred from the district court of appeals for the second appellate district to this court for disposition, because the justices of the district court were unable to concur in a judgment. The several opinions—majority and minority—of the justices of the district court accompanied the transfer, as the law requires they should. An examination of these opinions under the record presented satisfies us that the views expressed on the merits of the appeal as set forth in the majority opinion are correct. That opinion is as follows:—

"This action was brought to compel an accounting of the affairs of a mining partnership alleged to exist between plaintiff and defendant, and to recover damages for false and fraudulent representations and concealment touching a certain quicksilver mine situated in San Luis Obispo County. The defendant had judgment, and plaintiff appeals therefrom and from an order denying a new trial. The findings are to the effect—1. That there was no partnership between plaintiff and defendant; and 2. That defendant bought the mining property in question from plaintiff for a good consideration without fraud, received a deed from plaintiff for the entire property, and was the sole owner thereof. These findings fully disposed of the case as made by the pleadings. If there was no partnership, there was

no partnership accounting to be had. If there was no fraud or concealment and the consideration for the transfer was good, then the defendant had been the owner of the entire property for more than three years before the commencement of the action; and hence the plaintiff could recover nothing on the score of damages, or on any theory that the defendant held the property in trust for him. The further finding that plaintiff's cause of action was barred by the statute of limitations seems to have been sustained by the evidence, but as it was entirely unnecessary to the support of the judgment, in view of the other findings already referred to, we need give it no further notice. The evidence also supported all the findings. As to the partnership agreement, plaintiff testified to it and defendant denied it. The deed of the entire interest in the property to defendant was a strong circumstance corroborating the theory of no partnership. The evidence was also conflicting as to the fraudulent representations and concealment. The trial judge had the witnesses before him, and we will not disturb a decision of fact based upon conflicting evidence. It is the province of the trial court 'to determine between conflicting inferences and deductions which may reasonably be drawn from the testimony.' (*Merrill* v. *Gunnison*, 145 Cal. 547, [79 Pac. 67].) Many objections are urged as to the rulings of the court in the admission and rejection of evidence. We have examined them all, and find that most of them are as to matters of no material importance in the case, and that as to those exceptions having any merit in the first instance, they were each and all obviated by the subsequent admission of the pertinent evidence previously excluded. The findings dispose of all the material issues in the case, and we find no material or prejudicial error in the record. Where the matters which are found necessarily defeat the plaintiff's right of recovery, it is unnecessary that the findings should dispose of any further issues, as all other issues thereby become entirely immaterial. The judgment and order appealed from are affirmed.''

The questions presented on this appeal require no further consideration than is given in the foregoing opinion. Nothing tending to 'disturb the conclusion there reached by the majority of the justices of the district court of appeal was

presented upon the argument in this court in Bank had subsequent to the transfer of the cause here. Our views on this appeal coincide with those contained in the foregoing opinion and the conclusion reached, and we adopt that opinion as the opinion of this court.

The judgment and order appealed from are therefore affirmed.