[Civ. No. 2223.   Second Appellate District.—April 28, 1917.]

MÁRY L. WHITE, Appellant, v. HOMER T. HAYWARD, Respondent.

ACTION FOR RESCISSION OF CONTRACT OF EXCHANGE—NONRELIANCE UPON ALLEGED MISREPRESENTATIONS—FINDING SUPPORTED BY EVIDENCE. In an action to rescind an executed contract of exchange of real property for secured notes, a finding that the plaintiff did not rely upon the misrepresentations claimed to have been made by the defendant concerning the property is supported by evidence that the plaintiff spent considerable time in making an independent investigation of the property, although she testified that she did rely upon the representations made.

ID.—FINDINGS—ISSUES—WHEN IMMATERIAL.—Where the matters which are found necessarily defeat the plaintiff's right of recovery it is unnecessary that the findings should dispose of any further issues, as all other issues thereby become entirely immaterial.

APPEAL from an order of the Superior Court of the County of Los Angeles denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

R. E. Bledsoe, for Appellant.

Ingall W. Bull, and J. E. Burnham, for Respondent.

WORKS, J., *pro tem.*—This is an appeal from an order denying a motion for a new trial. The only questions presented are as to whether certain of the findings are in accord with the evidence and as to whether certain issues are found upon at all.

The action was brought to rescind an executed contract of exchange and for damages, the subjects of the exchange being certain real property of the appellant, situated in California, and certain notes held by the respondent and which were secured by mortgages on real property near Fort Morgan, Colorado. Judgment went for the respondent. The negotiations leading up to the trade were held at Pomona, California, and the rescission was asked because of certain misrepresentations claimed to have been made by respondent concerning the Colorado property, in his endeavor to bring about the exchange. The nature of these representations it is not necessary to mention, as the trial court found with appellant that they were not true. It was further found, however, that "plaintiff did not rely on each, all or any of the representations made by the defendant," and it is to the question of the propriety of this finding that we must first give attention, as it is one of the findings assailed by appellant.

The appellant herself, speaking of her first interview with respondent on the subject of the proposed trade, testified as follows: "He gave me the address of a bank at Fort Morgan, and some real estate agents' names, but I do not remember the names. The bank, I think, was the First National. This was about the last of December, 1910, or the first of January, 1911, and I told Mr. Hayward I would investigate and if I found the land and mortgages as represented we would come to some agreement and we agreed to meet at Mr. Burnham's office. . . . A short time after that, a week or two later, in answer to a telephone message, I went to Mr. Burnham's office, in Pomona, . . . and met Mr. Hayward again. In the meantime I had spoken to Mr. Kennedy, an officer in the bank at Pomona, where I do business, the First National, and had him write to the Fort Morgan bank as to the value of these securities. I do not remember whether I got any report from him about it before I agreed to the trade or not, but I never saw any letter he received. I remember getting some information sometime that had come to Mr. Kennedy, but I don't remember just what it was, because before I had obtained it, either the trade was made or I had decided to make it. . . . When I went to Mr. Burnham's office, Mr. Hayward was there, or else he soon came in. I told him I had decided to make the trade, and we signed up an agreement." On her cross-examination the appellant testified further: "At

the time of our first meeting and just before he left Mr. Hay-
ward told me to investigate the values of the mortgages and
the lands described in them and gave me the name of the
First National Bank of Fort Morgan, Colorado, to write to,
to ascertain the character of the lands and the values of the
mortgages and some weeks later it was agreed that fifteen
days more to investigate the character of the lands and the
values of the mortgages should be given me.''

The agreement signed at Mr. Burnham's office set forth the
terms of the trade and contained this provision: ''Mary L.
White to have 15 days to investigate values of property cov-
ered by said mortgages.''  One of appellant's witnesses, who
was present at her first interview with respondent, testified
that Mrs. White ''said that if she found the property was
as he represented that she would make the trade.''

The testimony produced on the part of the respondent
amplifies what is above quoted from appellant's case, and but
a small part of it need be mentioned, considering the extent
to which appellant's own case gives support to the finding in
question.  Respondent says that his first interview with Mrs.
White occurred in the early part of December.  He then says,
*inter alia*, ''She asked for references, and on the back of
another of my business cards I gave her the name of the First
National Bank of Fort Morgan, the Morgan County National
Bank, the Home Savings Bank, Mr. Dunn and Mr. Layton,
who were real estate men, and Mr. Farnsworth, who was the
county treasurer.''  He further says that their next meeting
was about ten days later, and that appellant then said to him:
''I have considered this proposition and it looks reasonably
favorable to me.''  The parties met again, according to re-
spondent, in the first week in January, at Mr. Burnham's
office, the conference evidently being the same one which ap-
pellant says was held at that place.  Mr. Hayward states what
there occurred: ''She said 'I am ready to trade with you.'
I said to her, 'Mrs. White, have you made a thorough inves-
tigation of the Colorado property?' and she said, 'I have not
received an answer to the last inquiry yet.'  Then I said, 'I
will put my property in escrow, leaving you the privilege of
withdrawing this at any day or moment that you see fit with-
out even the thought of calling me up; if you find that the
Colorado property is not as you expect, you may withdraw
from this without any preliminaries at all.  We will draw up

the contract and I will put my stuff in escrow that will bind me and not you.' '' It was then that the contract was drawn allowing appellant fifteen days for further investigation as to the value of the Colorado property.

The record also shows that Mr. Kennedy, who is mentioned in the testimony of appellant, wrote to the First National Bank at Fort Morgan concerning the Colorado property, and the letter is reproduced in the transcript. Mr. Kennedy testified: "We got an answer, and showed it to her. I think we gave her the letter. We asked as to the value of the lands, and the answer seemed satisfactory as to values and to Mrs. White."

We have been at some pains to quote from the record, as the finding upon this particular question controls the case; but we need not go further, although there is other evidence in support of the finding. It is plain that Mrs. White desired to make an independent investigation in the premises, that, after a considerable time spent in negotiation and apparent investigation, she contracted for a further delay for the purpose of making additional inquiry, and that she expended that time in such inquiry. Under such circumstances, a finding that she did not rely upon the representations of respondent was amply justified, even though her testimony, as shown in the record, contains the statement that she did rely on them.

There are five other findings of the trial court to which appellant takes exception, but what is found in them upon the issues which they purport to cover is of no moment, as such issues were upon matters subordinate to and which are controlled by the very proper finding that the appellant did not rely upon the representations made by respondent. "Where the matters which are found necessarily defeat the plaintiff's right of recovery, it is unnecessary that the findings should dispose of any further issues, as all other issues thereby become entirely immaterial." (*Smith* v. *Dubost,* 148 Cal. 622, [84 Pac. 38].)

The order is affirmed.

Conrey, P. J., and James, J., concurred.