[Civ. No. 3304.  First Appellate District, Division One.—March 22, 1920.]

## GEORGE H. GILLONS, Respondent, v. TURNER OIL COMPANY (a Corporation), Appellant.

[1] BROKER'S COMMISSIONS — ACTION TO RECOVER — MISREPRESENTATIONS—INDEPENDENT KNOWLEDGE—EVIDENCE—FINDINGS.—In this action to recover the commission agreed to be paid for negotiating a contract for the purchase of crude oil from a producing company, the evidence of disinterested witnesses clearly established that the defendant had full independent knowledge of the character of the oil produced before it signed the contract for its purchase and, as the plaintiff and his associate both denied making the statements with reference to the character of the oil produced as charged by the defendant, the findings of the trial court that no fraud was practiced in the inception of the contract and that the alleged misrepresentations were not made were amply supported.

[2] ID.—COUNTERCLAIM—ULTIMATE FACT—FINDINGS.—Notwithstanding the defendant interposed a counterclaim for damages based on the alleged misrepresentations of the plaintiff, the ultimate fact in such case was whether or not the defendant was indebted to the plaintiff, and the trial court having found, with ample support in the evidence, that no improper act of plaintiff entered into the transaction, that the defense interposed by the defendant could not avail, and that the defendant was indebted to the plaintiff in the amount prayed for, that finding necessarily concluded the whole controversy, and its failure to find on the issues raised by the counterclaim was not an error requiring a reversal of the judgment.

[3] ID.—APPEAL—PRESENTATION OF POINTS—INSUFFICIENCY OF BRIEF.—Where the appellant, in its brief, says, "There are many other errors specified in defendant's specifications of errors, but we submit the court's attention has been called to sufficient error to reverse the cause, and without waiving any of the other errors will not further discuss them," the appellate court will not consider points thus presented.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Fred H. Taft, Judge.  Affirmed.

The facts are stated in the opinion of the court.

William H. Fuller and Earl L. Wisdom for Appellant.

Bordwell & Mathews for Respondent.

WASTE, P. J.—Plaintiff brought this action to recover the sum of $1,889.59, together with interest, alleged to be due as commission, for negotiating a contract for the purchase of crude oil. Defendant appeals from the judgment in favor of plaintiff, and from an order denying motion for a new trial. The latter appeal was unauthorized and is dismissed. (Code Civ. Proc., sec. 963.)

The complaint sets out in full a contract in which it is agreed that the defendant will pay a commission to the plaintiff, at the rate of six cents a barrel, for his services as broker, in procuring a contract between the appellant and the Graham-Loftus Oil Company, for the purchase of a quantity of oil. It also sets forth a contract, between the appellant and the latter company, under which it is further alleged the appellant purchased the oil on which plaintiff claims to be entitled to the commission. Defendant filed an answer and counterclaim in which it alleged, as a defense to the action, and as a basis for the recovery of damages, that the contract to pay the commission was procured through fraud, deceit, and misrepresentations made by the plaintiff and one Charles H. Treat, who is alleged to be the partner or agent of plaintiff.

In support of its claim defendant alleges that plaintiff and Treat represented to it and warranted that the oil, which defendant contracted through plaintiff to purchase from the Graham-Loftus Oil Company did not, and would not, when delivered to defendant, contain a greater average amount than one per cent of nonpetroleum substance, and that no part of said oil would contain a greater amount than two per cent of the same material, whereas, in truth and fact, it is averred all of the oil so purchased under the contract and delivered to the defendant contained an average quantity of six per cent of nonpetroleum substance, which facts were well known to plaintiff, but were concealed by him for the purpose and with the intent to wrong and defraud defendant and to induce it to enter into the contract with plaintiff for the payment of the commission. It is further alleged that defendant was unable with its refining plant and equipment to properly refine the oil so purchased, by reason of the excess of nonpetroleum substance, in such

manner as to obtain the profit therefrom which it could have obtained had said oil contained less than the specified two per cent of such matter.   Defendant placed its loss by reason of the alleged acts of the plaintiff at fifty-three thousand seven hundred dollars.

The court found in favor of the plaintiff on all the allegations of his complaint.   On the issues tendered by the answer it found that neither plaintiff nor Treat at any time made the representations or gave any warranty, as claimed by defendant, but made no finding as to the damage alleged to have been suffered by defendant and which was urged as a counterclaim and in support of which evidence was admitted.   Because of these findings the defendant seeks a reversal of the judgment upon two grounds, which we will consider in reverse order from that in which they were presented.

[1]   Appellant's contention that the contract sued upon was obtained through fraud, and is, therefore, void, is disposed of by the court's findings.   The execution of the contracts set out in the complaint was admitted, as was the receipt of the given quantity of oil and the nonpayment of plaintiff's claim.   The defendant is engaged in refining crude oil and its president is, by occupation, an oil refiner. Prior to the time the defendant entered into the contract with the Graham-Loftus Oil Company, its president made an independent investigation, together with Treat, as to the quality and character of the oil, particularly the amount of water and sediment the oil contained.   He was given the ''run sheets'' of the Graham-Loftus Oil Company, showing the percentage of water and sediment, in the oil produced from the lease of that company, as varying from one to fifty-six per cent.   Disinterested witnesses testified as to other facts, clearly establishing that the defendant had full independent knowledge of the character of the oil before it signed the contract for its purchase.   Both the plaintiff and Treat denied making the statements charged by the defendant.   The evidence, therefore, amply supports the findings of the trial court that no fraud was practiced in the inception of the contract and that the alleged misrepresentations were not made.

[2]   Appellant asserts that in omitting to find the facts presented by the allegations in support of its counterclaim

for damages, the court failed to find upon a material issue requiring a reversal of the judgment. We are not prepared to so hold. The ultimate fact in the case is, whether or not the defendant is indebted to the plaintiff. Defendant has tendered, as a defense that the contract, under which plaintiff claims, was procured by false and fraudulent misrepresentations, made with intent to induce it to enter into the agreement, is void and affords no basis upon which plaintiff can recover. It therefore denies and puts in issue the indebtedness. All the other contentions revolve around the issue thus presented. Although the defendant may have been damaged by reason of its inability to refine the crude oil purchased by it from the Graham-Loftus Oil Company, the court's findings declare, in effect, that the detriment has occurred through no fault of plaintiff. The court has found, with ample support in the evidence, that no improper act of plaintiff entered into the transaction, that the defense interposed by the defendant cannot avail, and that the defendant is indebted to the plaintiff in the amount prayed for. This was a finding upon the ultimate fact, the amount, if anything, due from the defendant to plaintiff (*Jacobs* v. *Ludemann,* 137 Cal. 176, 178, [69 Pac. 965]), and necessarily concluded the whole controversy. (*Tower* v. *Wilson,* 45 Cal. App. 123, [188 Pac. 87].)

As the findings disposed of all the material issues in the case, and necessarily defeated the defendant's right of recovery, it was unnecessary that they should go further. (*Smith* v. *Dubost,* 148 Cal. 622, 624, [84 Pac. 38]; *Black* v. *Harrison Home Co.,* 155 Cal. 121, 132, [99 Pac. 494].) The failure to do so was not an error requiring a reversal of this judgment.

[3] Appellant, in its brief, says: "There are many other errors specified in defendant's specifications of errors, but we submit the court's attention has been called to sufficient error to reverse the cause, and without waiving any of the other errors will not further discuss them." Points thus presented will not be considered by us. (*Dore* v. *Southern Pac. Co.,* 163 Cal. 182, 199, [124 Pac. 817]; *Duncan* v. *Ramish,* 142 Cal. 686, 689, [76 Pac. 661].)

The judgment is affirmed.

Richards, J., and Knight, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 20, 1920.

All the Justices concurred.