[L. A. No. 4023.   Department One.—June 26, 1917.]

# THOMAS S. N . MALOOF, Respondent, v. ZEREFA MALOOF, Appellant.

DIVORCE — EXTREME CRUELTY — RECRIMINATORY CHARGE — EVIDENCE — OMISSION OF FINDING.—In an action for a divorce on the ground of extreme cruelty, wherein the wife by way of recrimination set up a cause of action in her favor on the same ground, no miscarriage of justice resulted from the omission to find specifically on the introductory allegation of the wife's cross-complaint that the plaintiff had treated her in an extremely cruel and inhuman manner, where there was no pretense that plaintiff had inflicted bodily injury upon her, and the facts shown disclosed a course of conduct on the part of defendant so reprehensible that the acts of misconduct of plaintiff could not have caused her any mental suffering.

ID.—OMISSION OF FINDING—WHEN IMMATERIAL.—The failure to find on an issue is not ground for reversal where the record discloses no evidence on which a finding favorable to the complaining party could properly have been made.

ID.—GRIEVOUS MENTAL SUFFERING—HARSH TREATMENT WITHOUT PHYSICAL VIOLENCE—QUESTION FOR JURY.—In an action for divorce, whether or not harsh treatment, unaccompanied by physical violence, has caused grievous mental suffering is a question of fact to be deduced from all the circumstances of each particular case.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DISCRETION.—A motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial court, and the decision will not be disturbed unless an abuse of discretion is clearly shown.

ID.—COUNTER-AFFIDAVITS—CONSIDERATION ON MOTION.—On a motion for a new trial in an action for divorce, the court has the right to consider counter-affidavits contradicting every material statement made in support of the motion in order to determine whether a different result would be probable upon a new trial.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Earl Curtis Peck, Earl Rogers, Otto G. Kuklinski, and Charles Scholz, for Appellant.

R. P. Jennings, and Jennings & Horton, for Respondent.

SLOSS, J.—This is an action for divorce. The court gave judgment in favor of the husband, who was plaintiff. The defendant appeals from an order denying her motion for a new trial.

The plaintiff sought a divorce on the ground of extreme cruelty, and his complaint specified a number of instances of violent and abusive conduct on the part of the defendant toward him. The court found in favor of these allegations, and it is conceded, as in view of the record it needs must be, that the evidence amply sustains the findings in this regard. It was further alleged and found that plaintiff had given the defendant "no just cause or provocation" for any of her acts of violence or cruelty. The appellant claims that this finding is without support. The claim is devoid of merit. Assuming that the issue thus tendered was material, the evidence certainly warranted the court in finding that the plaintiff had not been guilty of any conduct which could fairly be regarded as giving the defendant "just cause or provocation" for committing the acts charged and found against her.

In her answer the defendant, in addition to denying the charges of cruelty contained in the complaint, set up, by way of recrimination (Civ. Code, sec. 122), a cause of action for divorce in her favor. She alleged that the plaintiff had treated her "in an extremely cruel and inhuman manner," and gave a number of instances of "the said cruel and inhuman treatment." The court made findings with respect to each of these alleged occurrences. There was, however, no finding on the introductory allegation that the plaintiff had treated the defendant in an extremely cruel and inhuman manner, nor upon the further (and necessary) averment that the specified acts inflicted upon defendant

"grievous bodily injury and [or] grievous mental suffering."
(See Civ. Code, sec. 94; *Smith* v. *Smith,* 124 Cal. 651, [57
Pac. 573].) It is contended that the decision is "against
law" for failure to find upon material issues. But an ex-
amination of the findings which were made, and of the evi-
dence, shows that the claim of error has more plausibility
than substance. The failure to find on an issue is not ground
for reversal where the record discloses no evidence on which
a finding favorable to the complaining party could properly
have been made. (*White* v. *White,* 82 Cal. 427, 452, [7
L. R. A. 799, 23 Pac. 276]; *Smith* v. *Smith,* 119 Cal. 183,
190, [48 Pac. 730, 51 Pac. 183].) There is no pretense here
that the plaintiff inflicted bodily injury upon the defend-
ant. The appellant's case must rest upon the inflicting of
"grievous mental suffering." The specifications of mis-
conduct by plaintiff, on which the court found in favor of
the defendant, were that the plaintiff had said to friends
of the defendant that she was a bad woman, and was not
his wife, and that they should be ashamed to associate with
her; that, in answer to her request, made at the taking of
a deposition for use in this action, that he take her back,
he had said angrily, "I don't want to talk to you," and that
he had failed to reply to her letters asking a reconciliation.
We are not called upon to say that these acts might not,
under some conditions, warrant an inference that grievous
mental suffering had been caused. Whether or not harsh
treatment, unaccompanied by physical violence, has caused
"grievous mental suffering," is a "question of fact, to be
deduced from all the circumstances of each particular case."
(*Barnes* v. *Barnes,* 95 Cal. 171, [16 L. R. A. 660, 30 Pac.
298]; *Andrews* v. *Andrews,* 120 Cal. 184, [52 Pac. 298];
*MacDonald* v. *MacDonald,* 155 Cal. 665, [25 L. R. A. (N. S.)
45, 102 Pac. 927].) But here the defendant herself did not
even testify that the acts found to have been committed by
the plaintiff had caused her any mental suffering. We shall
not detail the facts found by the court in support of the
plaintiff's charges against the defendant. It is sufficient to
say that they set forth a course of conduct so seriously repre-
hensible that plaintiff's derelictions seem, in comparison, to
be trivial. It is not conceivable that a judge could find that
these acts of the plaintiff had caused grievous mental suffer-
ing to a woman capable of conducting herself as this defend-

ant was found to have done. But, in any event, it is perfectly apparent, on the whole record, that the trial judge did not think that the defendant had established a cause of action in her favor, and that if, when he signed the findings, his attention had been directed to the specific issue under discussion, he would inevitably have made a finding on it against the defendant. We are satisfied that the omission to find did not result in a "miscarriage of justice," and the error must therefore be disregarded under the provision of section 4½ of article VI of the Constitution.

One of the grounds on which a new trial was asked was that of newly discovered evidence. The defendant presented a number of affidavits tending to show that plaintiff had committed adultery. We may pass the question whether a new trial may be asked on the ground of the discovery of evidence relating to a matter that was not put in issue by the pleadings. A motion for new trial on the ground of newly discovered evidence is addressed to the discretion of the trial court, and the decision will not be disturbed unless an abuse of discretion is clearly shown. (*Spottiswood* v. *Weir,* 80 Cal. 448, [22 Pac. 289]; *Harralson* v. *Barrett,* 99 Cal. 607, [34 Pac. 342]; *Estate of Dolbeer,* 153 Cal. 652, [15 Ann. Cas. 207, 96 Pac 266].) No such abuse appears here. The order denying the motion for a new trial shows that the judge of the trial court regarded the testimony contained in defendant's affidavits as improbable on its face. Under all the circumstances, this was a proper and reasonable conclusion. Furthermore, the plaintiff filed counter-affidavits which contradicted every material statement made in support of the motion. The court had a right to consider these counter-affidavits in order to determine whether a different result would be probable upon a new trial. (*Thompson* v. *Thompson,* 88 Cal. 110, [25 Pac. 962]; *People* v. *Sing Yow,* 145 Cal. 1, [78 Pac. 235].)

We see no ground for interfering with the action of the court below.

The order is affirmed.

Shaw, J., and Victor E. Shaw, J., *pro tem.,* concurred.