[Civ. No. 3184.   Second Appellate District, Division Two.—April 12, 1920.]

## MARKAR H. ZARTARIAN, Respondent, v. AGAVNIE, ZARTARIAN, Appellant.

[1] DIVORCE—CROSS-COMPLAINT—GROUNDS—INSUFFICIENT PLEADING.—Where the cross-complaint, in an action for divorce on the grounds of cruelty and desertion, details the facts relating to the separation of plaintiff and defendant, but it affirmatively appears therefrom that a cause of action for divorce on the ground of desertion or willful neglect had not accrued, either at the time of the filing of plaintiff's complaint or of defendant's cross-complaint, and there is no allegation that such acts resulted either in bodily harm or injury to the health of defendant, or a reasonable fear of one or the other, such cross-complaint does not state facts sufficient to constitue a cause of action for divorce, and a judgment for divorce in favor of the defendant is erroneous.

APPEAL from a judgment of the Superior Court of Los Angeles County.   J. P. Wood, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Florence L. Stephens for Appellant.

Arakelian M. Astor for Respondent.

THOMAS, J.—In this action plaintiff sought a divorce from the defendant on two grounds—cruelty and desertion.

Defendant by her answer denied the material allegations of the complaint.

Defendant also served and filed a cross-complaint, in which it is alleged, among other things, that for a long time after the marriage of the parties hereto they lived together in Boston, Massachusetts, during which time plaintiff carried on and maintained a prosperous shoe-repairing business in that city; that during such time plaintiff upon several occasions ran away and left defendant, and that he finally sold the business for one thousand five hundred dollars, and, taking such sum, together with some three thousand dollars which he had in the bank at that time, left "and came to California, city of Los Angeles," at which place he bought out a grocery business. That some time after plaintiff's departure from Boston, defendant, learning his whereabouts, "followed the plaintiff to the city of Los Angeles about November 15, 1915, and there effected a reconciliation, and lived with said plaintiff *up to the very day of February 12, 1916*, in the city of Los Angeles"; that plaintiff and defendant carried on said grocery business together, but finally determined that it was not paying, whereupon they decided to sell out, at which time it was understood that both of them would return to Boston; that at plaintiff's persuasion defendant preceded plaintiff to Boston, leaving Los Angeles on February 12, 1916, in accordance with the understanding arrived at, fully believing that she would be followed by her husband as soon as he sold out the business; that the business was in fact subsequently sold by plaintiff, and that plaintiff did not go to Boston as agreed, but remained in Los Angeles, there opening up a shoe-repairing business. That defendant took sick while in Boston after so returning to that city from Los Angeles, and that she, "being without means, was unable to return to Los Angeles, and was compelled to remain in Boston"; that later money was furnished her by friends, and, so aided, she returned to Los Angeles in December, 1916, but that "on November 11, 1916, while the defendant was in the city of Boston, waiting for plaintiff to come on, the plaintiff herein filed a suit for divorce in the city of Los Angeles, against the defendant herein, on the grounds of desertion." Then follows a recitation of facts showing that plaintiff's net earnings from his shoe-repairing business were "about fifty dollars per week," and

"that by their united efforts they had acquired about five-thousand dollars in cash before coming to Los Angeles," but that the whole amount thereof was in plaintiff's charge. It is further shown by the cross-complaint that the issue of the marriage of the parties hereto "was one daughter, eight years old"; that while the defendant was sick in Boston, having no money with which to provide for said daughter, she sent the child, through the assistance of a mutual friend, to plaintiff herein in Los Angeles, to be cared for by him; and that plaintiff placed the said child in the Orphanage Home at Santa Monica, California. Cross-complainant, in conclusion, alleges that she is wholly dependent upon her own labor and the charity of her friends for support; that plaintiff, since defendant's return to California upon recovery of her health, has refused to inform her of the child's whereabouts, and refuses to live or cohabit with her; and that he has threatened her life, and refuses to provide for her in any way or to allow her to return to his house. Then follows a prayer for judgment on the cross-complaint, asking: (1) For a division of the common property; (2) that plaintiff be restrained from disposing of or in any way encumbering the said shoe-repairing business or the said five thousand dollars, and from taking away the said child; (3) fifteen dollars per week permanent alimony for the separate maintenance of herself and child; (4) for support during the pendency of the action, as the court might deem proper; (5) attorney's fees and costs; and (6) for general relief.

Plaintiff, by his answer to defendant's cross-complaint, denies some of the material allegations, and sets up the defense that "he is now and has been working for his brother for nine dollars per week," and that that is all he earns.

On the issues thus presented the case was tried. Findings were specifically waived by the parties. There is some doubt as to whether this can be legally done; but that point is not before us, and we therefore refrain from any discussion thereunder. Omitting formal parts, the following judgment was entered: "Therefore, it is ordered, adjudged and decreed that a decree of divorce be granted to the defendant against the plaintiff; that when one year shall have expired, after the entry of this interlocutory judgment, a final judgment and decree shall be entered, granting a divorce herein, wherein and whereby the bonds of matrimony existing be-

tween said plaintiff and said defendant shall be dissolved, and at that time the court shall grant such other and further relief as may be necessary to complete disposition of this action. It is further adjudged that the minor child of the parties, named Alice Zartarian, shall, until the further order of the court, be in the custody of the plaintiff, and the plaintiff is directed, until the further order of the court, to keep and maintain said child at the Los Angeles Orphans' Home, at 815 El Centro Ave., Los Angeles, California.''

The appeal is on the judgment-roll alone, and ''from that part of the interlocutory judgment rendered by the above-named court in the above-entitled action, and herein entered on the tenth day of December, 1917, which ordered, adjudged and decreed that a decree of divorce be granted to the defendant herein against the plaintiff herein, but denied the prayer of the defendant herein for alimony and separate maintenance of herself and minor child, and which further adjudged that the custody of said minor child, named Alice Zartarian, be given to plaintiff.''

Three grounds are urged by appellant for the reversal of the judgment: (1) That the judgment is not supported by the pleadings; (2) that the court erred in granting relief inconsistent with the case made by the pleadings and embraced within the issues; and (3) that the court erred in rendering a judgment for divorce in favor of the defendant.

[1] Appellant urges in support of the first point that, the trial court having found from the evidence that plaintiff was not entitled to a divorce from defendant, ''but in the face of the allegations of defendant's cross-complaint and the issues raised by the answer thereto and the relief sought by the defendant, the court adjudged and decreed that a decree of divorce be granted to the defendant against plaintiff''—granting custody of the child to plaintiff—the only pleadings pertinent to this appeal, since plaintiff was denied relief on his pleadings, are defendant's cross-complaint and plaintiff's answer thereto, as well as the interlocutory judgment. It also is urged that the cross-complaint does not state a cause of action ''on the ground of desertion, or any ground.'' With this view we are in full accord. If the cross-complaint is intended to allege facts upon which to base a cause of action for desertion or willful neglect, and even though we concede, without so holding, that it does, yet

it conclusively appears upon its face that no divorce can be
based thereon, because such cause of action had not accrued,
either at the time of the filing of plaintiff's complaint or
defendant's cross-complaint. (Sec. 107, Civ. Code.) On
the other hand, if the facts alleged in the cross-complaint be
true—and for our present purposes we must so assume—
still we are of the opinion that the cross-complaint fails to
allege facts sufficient to constitute a cause of action against
the plaintiff for extreme cruelty, as contemplated by section
94 of the Civil Code. "The particular facts relied on as
constituting cruelty should be set forth in detail; it is
not sufficient to allege cruelty in general terms, as in the
language of the statute. However, every act complained of
need not be specifically described; it is enough if sufficient
facts are alleged to establish legal cruelty as a ground for
divorce. . . . The acts of cruelty should be alleged with
reasonable certainty as to time and place. However, the
exact day and place of the occurrence of each particular
act need not be alleged; and where the conduct complained
of is continued and not confined to any particular time or
locality, a specific allegation of time and place is imprac-
ticable and should not be required. . . . Since, to constitute
a ground for divorce, cruelty must result either in bodily
harm or injury to the health or a reasonable fear of one or
the other, *either one or the other of these effects of the mis-
conduct on the complainant must be alleged.*" (Italics ours.)
(14 Cyc. 667 et seq.; *Maloof* v. *Maloof*, 175 Cal. 571, [166
Pac. 330]; *MacDonald* v. *MacDonald*, 155 Cal. 665, [25
L. R. A. (N. S.) 45, 102 Pac. 927]; *Smith* v. *Smith*, 124
Cal. 651, [57 Pac. 473]; *Nelson* v. *Nelson*, 18 Cal. App. 602,
[123 Pac. 1099]; *Ryan* v. *Ryan*, 33 Mont. 406, [84 Pac.
494]; *Claunch* v. *Claunch* (Tex. Civ. App.), 203 S. W. 930.)
There is nothing in the cross-complaint now under consider-
ation which brings it within the provisions of the rule just
quoted, and particularly does it contain no allegation bring-
ing it within the portions which we have italicized. There
being no such allegation, then it is clear that no evidence
could legally be received, even if offered, in support of such
contention.

Nothing is contained in the judgment-roll before us upon
which the judgment appealed from may find support. This

being true, it becomes unnecessary to discuss any other point raised.

Judgment reversed.

Finlayson, P. J., and Sloane, J., concurred.