[Civ. No. 4108. First Appellate District, Division Two.—March 13, 1922.]

## HARVEY M. BARNGROVER, Respondent, v. LUCILE L. BARNGROVER, Appellant.

[1] DIVORCE—EXTREME CRUELTY—NAGGING—SUFFICIENCY OF EVIDENCE. On this appeal from a decree granting the plaintiff a divorce on the ground of extreme cruelty, the findings of a most peculiar case of nagging growing out of the ultra-puristic character of the defendant are supported by the evidence.

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge. Affirmed.

1. What constitutes extreme cruelty justifying a decree of divorce, notes, 65 Am. St. Rep. 69; Ann. Cas. 1918B, 480, 500; 18 L. R. A. (N. S.) 305; 34 L. R. A. (N. S.) 360.

The facts are stated in the opinion of the court.

S. G. Tompkins for Appellant.

L. E. Petree and D. T. Jenkins for Respondent.

STURTEVANT, J.—This is an appeal from a decree granting to the plaintiff a divorce from the defendant. The decree was based upon the extreme cruelty of the defendant, and the cruelty complained of was mental cruelty, as distinguished from physical cruelty. [1] The appellant makes one point and that is that the evidence does not sustain the findings, and in this behalf the appellant argues that the probative elements adduced by the plaintiff at the trial were altogether trivial. The testimony and proceedings are all before us. The testimony alone takes up more than one thousand folios. We have read the record from cover to cover. The trial court found among other things, and the record abundantly supports, a most peculiar case of nagging. As the story of the case was unfolded, it was disclosed that the same tendency of character on the part of the defendant was displayed, not only toward her husband, but toward her child, and toward her tradespeople, and toward her friends and acquaintances. Neither the law nor the interests of the parties require that we should restate the testimony in this opinion. In addition to the feature which we have specially pointed out, there are other matters contained in the record which counsel claim to be immaterial. Conceding without deciding that counsel's contention is correct, there still remains within the record the element which we have specially adverted to. The nagging grew out of the ultra-puristic character of the defendant. The appellant says that "she is an earnest Christian woman." It may be added that the whole record sustains that claim. It may be added that apparently the plaintiff is an earnest Christian man. Nevertheless, it is a sound legal proposition that nagging by a spouse of such character may have, and probably would have, the same effect on the other spouse as any other kind of nagging. The appellant also argues that "her motives have always been good." Conceding such to be the fact, it still remains that nagging from good motives may be just as hurtful as nagging from any

other kind of motives. The case was most thoroughly and completely presented to the trial court by able counsel who tried the case behind closed doors. The testimony covered a period of ten years and over. The case for the plaintiff was presented by calling to the witness-stand sixteen of the neighbors and friends of both of the litigants. Two of those witnesses were ministers of the gospel. One of them was at one time the pastor in the Protestant church of which both the plaintiff and defendant were members. One cannot read the record without admiration for the apparent truthfulness of each and all of the witnesses and the absence of bias and prejudice on the part of the witnesses.

The appellant says that if the facts contained in the record before us ''establish grounds for divorce, then it is certain that any husband can divorce his wife, and any wife can divorce her husband at will, since the peccadilloes complained of are not as serious as those of which nine out of ten husbands and wives are guilty.'' This is not a sound statement, because a most cursory reading of the record discloses a set of facts seldom or never heard of.

In behalf of the appellant the utmost that can be said is that there were some conflicts in the testimony, however those matters were addressed to the trial judge, and this court is bound by the findings made by the trial judge on such conflicting evidence.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.