[Civ. No. 4266. First Appellate District, Division One.—June 5, 1922.]

## LULU S. DAVIS, Appellant, v. M. WILLIAM DAVIS, Respondent.

[1] DIVORCE—GRIEVOUS MENTAL SUFFERING—EVIDENCE—FINDING—DIS-CRETION—APPEAL.—Whether or not one has been guilty of acts producing grievous mental suffering upon an innocent party is a question of fact to be determined from all the surrounding circumstances, keeping in view the intelligence, refinement, and delicacy of sentiment of the complaining party, and the conclusion of the trial court will not be disturbed on appeal unless the evidence is so slight as to indicate an abuse of discretion on the part of the trial court.

[2] ID.—SUFFICIENCY OF GENERAL FINDINGS.—In this action, in which the court found the plaintiff's allegations of cruelty untrue and denied her a divorce, her contention on appeal that the findings were so general upon the allegations of specific instances of cruelty alleged as to be insufficient to support the judgment was without merit, the evidence having been such that, had more specific findings been asked for or had, they would of necessity have been in defendant's favor.

[3] ID.—PROPERTY RIGHTS—IMMATERIAL ISSUE.—Plaintiff having been denied a divorce, the trial court did not commit error in failing to make findings upon the existence of the property rights of the parties or of its character.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thomas R. White and William P. Hubbard for Appellant.

Bert Schlesinger and Timothy Healy for Respondent.

TYLER, P. J.—This is an appeal by plaintiff from a judgment in an action for divorce brought by her on the ground of extreme cruelty.

Plaintiff, in support of her appeal, claims that the findings are insufficient to support the judgment, and that they

are not justified by the evidence, which, she claims, is more than ample and sufficient to entitle her to a decree of divorce on the ground of defendant's extreme cruelty.

Complaint is also made that the trial court erred in refusing to permit plaintiff to introduce evidence as to the value and extent of property held by defendant, or to make a finding as to its community or separate character.

Plaintiff, by her complaint, alleges that she and defendant intermarried in the year 1907, and that there is issue of said marriage two minor children.

The extreme cruelty alleged is infliction upon plaintiff of grievous mental suffering due to the acts of defendant from time to time during the marriage relation, and particularly during the years 1918 and 1919. In this behalf it is in substance charged that defendant, without cause, complained of years of misery in consequence of his marital relation with plaintiff; that he threatened her with divorce proceedings; absented himself from home without plaintiff's consent, and, frequently exhibited a violent display of temper, and without justification or excuse and in the presence of others abused, belittled and annoyed her. Other allegations are to the effect that defendant at different times struck plaintiff. The sum of five hundred (500) dollars per month is alleged to be a reasonable amount for the support of herself and children, and two thousand five hundred (2,500) dollars a reasonable attorney's fee. These sums are prayed for, together with the dissolution of the marriage.

Defendant by answer denied all the allegations of plaintiff's complaint. The record consists of seven hundred or more pages, and the evidence shows many acts of alleged cruelty on the part of defendant, most all of which were denied by him, and he on his own behalf introduced evidence to prove his kindness and solicitude for plaintiff during their married life. Defendant also introduced evidence of acts of cruelty on the part of plaintiff. The record also shows that subsequent to the acts complained of by plaintiff as causing her grievous mental suffering, she requested defendant to return to her and resume their marital relations.

The trial court found plaintiff's allegations to be untrue and denied her a divorce, but granted her an allowance of

the sum of three hundred and fifty (350) dollars per month for the support of herself and minor children and one thousand two hundred and fifty (1,250) dollars as attorney's fees.

The case presents a sharp conflict of evidence, and is one clearly falling within the so-called "conflict of evidence" rule, and this court cannot disturb the finding of the trial court. **[1]** Whether or not one has been guilty of acts producing grievous mental suffering upon an innocent party is a question of fact to be determined from all the circumstances, keeping in view the intelligence, refinement, and delicacy of sentiment of the complaining party, and no inflexible rule as to what probative facts shall exist in order to justify a finding of the ultimate fact of its existence can be laid down. This is a question for the trial court to determine from all the circumstances, and its conclusion will not be disturbed unless the evidence is so slight as to indicate an abuse of discretion on the part of the trial court. No such abuse here appears. (*MacDonald* v. *MacDonald,* 155 Cal. 665 [25 L. R. A. (N. S.) 45, 102 Pac. 927]; *Avery* v. *Avery,* 148 Cal. 239, 244 [82 Pac. 967]; *Lewis* v. *Lewis,* 167 Cal. 733 [52 L. R. A. (N. S.) 675, 141 Pac. 367]; *Dee* v. *Dee,* 34 Cal. App. 659 [168 Pac. 588].)

**[2]** The contention that the findings are so general upon the allegations of specific instances of cruelty alleged as to ·be insufficient to support the judgment is without merit. Had more specific findings been asked for or had, they would of necessity have been in defendant's favor. (*Gale* v. *Bradbury,* 116 Cal. 39, 40 [47 Pac. 778].)

**[3]** Equally untenable is the objection that the court committed error in failing to make findings upon the existence of the property rights of the parties or of its character. Plaintiff having been denied a divorce, this issue became immaterial and a finding upon the question was, therefore, unnecessary. (*Smith* v. *Dubost,* 148 Cal. 622, 624 [84 Pac. 38].)

For the reasons given the judgment is affirmed.

Prewett, J., *pro tem.,* and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 3, 1922.

All the Justices present, except Lennon, J., concurred.

Myers, J., *pro tem.*, was acting.