[Civil No. 2035. Filed June 26, 1923.]

[216 Pac. 244.]

## HATTIE M. MOORE, Appellant, v. ALBERT L. MOORE, Appellee.

1. TRIAL—FAILURE OF COURT TO MAKE FINDINGS WHEN REQUESTED, AS AUTHORIZED BY STATUTE, HELD ERROR.—Under Civil Code of 1913, paragraph 528, providing that the court shall, at the request of either party, make written findings of fact stating the facts found by the court and the conclusions of law separately, it is the duty of the court to make findings on request, and failure to do so is error.

2. DIVORCE—SEPARATE FINDINGS OF FACT AS TO CRUELTY MADE ON REQUEST HELD SUFFICIENT.—Where, in a suit for divorce on the ground of cruelty, plaintiff, under Civil Code of 1913, paragraph 528, requested the court to make findings of fact and conclusions of law separately as to the charges of cruelty, a finding "that the allegations of plaintiff's complaint charging defendant with excesses, cruel treatment and outrages toward her were not sustained by the evidence," which was a negation in the identical language of the complaint, and determined all the issues of fact against plaintiff, and supported defendant's general denial, was sufficient.

3. DIVORCE—GENERAL FINDING ON CRUELTY INSUFFICIENT WHERE REQUEST FOR SEPARATE FINDINGS MADE.—Where, in a suit for divorce, plaintiff alleges many acts of cruelty, and defendant in a cross-complaint recriminates with many acts of cruelty, a general finding in favor of one or the other is insufficient, where requests for separate findings are made, under Civil Code of 1913, paragraph 528.

4. DIVORCE—JUDGMENT ON CONFLICTING EVIDENCE DENYING DIVORCE FOR CRUELTY WILL NOT BE DISTURBED ON APPEAL.—In a wife's suit

See 19 C. J., pp. 150, 193; 38 Cyc. 1954.

for divorce on the ground of cruelty, where the evidence was conflicting on all the issues, a judgment for defendant will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Joseph S. Jenckes, Judge. Affirmed.

Messrs. Phillips, Cox & Phillips, for Appellant.

Mr. James E. Nelson, for Appellee.

ROSS, J.—The appellant, Hattie M. Moore, brought this suit for divorce against her husband, Albert L. Moore, on August 11, 1921, alleging in her complaint failure to provide for the statutory time, and cruelty. Of the issues raised by the defendant's answer the only one involved in this appeal is that concerning cruelty, the defendant denying generally and specifically the allegations charging him with cruelty. The case was tried before the court and judgment was rendered in favor of the defendant.

While the plaintiff assigns several errors they are all directed against two points: (1) The plaintiff requested the court to make findings of fact and conclusions of law separately, and it is contended that the court erred in not complying with that request, in so far as it affected the issue of cruelty; (2) it is contended that the judgment and findings should have been for the plaintiff under the evidence.

It is not questioned the court attempted to comply with plaintiff's request to make findings of fact and conclusions of law separately, but it is said it did not conform with the statute. Paragraph 528, Civil Code of 1913, provides, among other things, that, in cases tried before the judge without a jury—

"the court may in any case, and shall, at the request of either party, make written findings of fact, stating the facts found by the court and the conclusions of law separately."

Upon request it became the duty of the court to make findings, and the failure to do so would unquestionably be error. 38 Cyc. 1954.

The action, as stated in the complaint, is based upon the accumulative effect of many alleged acts of cruelty extending over a number of years, such as a studied system of neglect and abuse toward plaintiff and her minor child, in an attempt to make her leave home, threats of bodily violence, and personal abuse and actual violence on one occasion. The finding of fact was a general one, as follows:

"That the allegations of plaintiff's complaint charging defendant with excesses, cruel treatment, and outrages toward her, the said plaintiff, were not sustained by the evidence."

This finding is a negation in the identical language of the complaint of every charge of cruelty made against defendant. It determines all of the issues of fact against the plaintiff, and supports the defendant's general denial. This seems to be a sufficient finding under statutes very much like ours. *Dracovich* v. *Dracovich,* 53 Cal. App. 361, 200 Pac. 44; *Turner* v. *Turner,* 187 Cal. 632, 203 Pac. 109; *Davis* v. *Davis,* 58 Cal. App. 100, 207 Pac. 923. In the last case the finding was a general one, and to the effect that the plaintiff's allegations were untrue. The court said:

"The contention that the findings are so general upon the allegations of specific instances of cruelty alleged as to be insufficient to support the judgment is without merit. Had more specific findings been asked for or had, they would of necessity have been in plaintiff's favor. *Gale* v. *Bradbury,* 116 Cal. 39, 40, 47 Pac. 778."

The cases cited by defendant do not hold to the contrary. For example, in *Cargnani* v. *Cargnani,* 16 Cal. App. 96, 116 Pac. 306, the finding was:

"That the defendant has been guilty of extreme cruelty towards the plaintiff."

In *Perkins* v. *Perkins,* 29 Cal. App. 68, 154 Pac. 483, the finding was:

"The court finds the evidence did not prove extreme cruelty and is insufficient to warrant a decree of divorce."

The findings in both these cases are mere conclusions, and of course can furnish no basis for judgment.

That a general finding may not be sufficient in some cases is quite well settled, as where not only the plaintiff alleges many acts of cruelty, but the defendant, in a cross-complaint, recriminates with many acts of cruelty. In such cases general findings in favor of one or the other would not be sufficient. *Brewthauer* v. *Brewthauer,* 45 Cal. App. 759, 188 Pac. 296; *Cargnani* v. *Cargnani, supra.*

The other question raised is one of considerable difficulty. The plaintiff and defendant have lived together over a quarter of a century. The defendant is a mechanic, and has followed his trade, in the employ of one concern, for over twenty-eight years, without losing as much as three months during the time. He is a man of good habits and industry. The wife has done her part during all these years, under most trying circumstances. There were born to them four children, three of whom are grown and making their own way in the world; the fourth is a girl of high school age. By their joint efforts they have acquired, as the evidence discloses, a valuable piece of land, slightly encumbered, not far from Phoenix.

The cold record seems to indicate that the defendant, while perhaps not at fault originally, has assumed a sullen and uncompromising attitude toward the plaintiff, which if persisted in, will make their marital life unbearable. However, the trial court had

all the witnesses before it, saw them, and heard them testify, observed their manner on the witness-stand, and had the advantage of the local coloring, and with all this has found the issues against the plaintiff. The evidence was sharply in conflict on all the issues. Although the evidence may seem to us to preponderate in favor of the plaintiff, under our rules we are not at liberty to disregard the verdict of the lower court and substitute our own. The rule in this jurisdiction, and generally, is that, if the findings are supported by substantial evidence, they will not ordinarily be set aside on appeal.

In affirming the judgment of the trial court there is a lingering hope that these parties will become reconciled and resume the duties and obligations they promised each other at the marriage altar. It may have been this thought, in part, that impelled the court to deny the plaintiff's prayer.

The judgment of the lower court is affirmed; each party paying his own costs.

McALISTER, C. J., concurs.

LYMAN, J., concurs in result.