[Civ. No. 8367. First Appellate District, Division One.—March 28, 1932.]

VERA A. SHAW, Appellant, v. JOSEPH EDWARD SHAW, Respondent.

Fred Miller for Appellant.

Martin Forrest for Respondent.

OGDEN, J., *pro tem.*—This is an appeal by Vera A. Shaw, cross-defendant below, from a judgment granting respondent Joseph E. Shaw, cross-complainant below, an interlocutory decree of divorce upon the ground of extreme cruelty.

The parties intermarried in the year 1914 and have been separated since 1924. At the time of their separation the parties lived at Bremerton, Washington, and by order of the courts of that state respondent was awarded the custody of the two minor daughters of the parties, who at the time of this trial were of the ages of fifteen and thirteen years respectively, and was ordered to pay appellant for her support and maintenance the sum of fifty dollars per month. In January, 1929, respondent, who is a lieutenant in the United States navy, moved to the city of Los Angeles pursuant to a change of station where he maintained a home for the children in charge of a housekeeper. In March of the same year appellant established her residence in the city of Long Beach, and in October commenced action for separate maintenance. The judgment here was granted upon respondent's cross-complaint in that proceeding.

The judgment is based upon four specifications of acts of extreme cruelty. The first involves the sending by appellant of two letters, one on the eleventh and one on the twenty-fourth day of September, 1929, to the navy department at Washington, D. C., complaining that respondent refused to give her or her attorneys any information as to the whereabouts of her children and asking that he be compelled to reveal their address. She also complained that he had failed to send payments for her support for the months of August and September. The second relates to a reference to respondent by appellant in November, 1929, while visiting the children and in their presence, that he was a liar and rogue. The third is based upon an incident during the trial of the separate maintenance action when appellant in the hearing of the children and others pointed out the housekeeper as the woman respondent was living

with.   The fourth specification is based upon the testimony of appellant during the trial of the separate maintenance action that she had not seen a bed in the dining-room of respondent's home where it had been previously testified to by respondent he slept when at home.   The trial court, upon evidence duly corroborated, found all of these specifications to be true and to have been falsely made for the purpose of humiliating and disgracing respondent and that respondent was thereby in fact, when notified of them, caused grievous mental suffering.

■   Appellant contends that the above conduct did not and could not, under the circumstances, constitute extreme cruelty.   It is well settled that "no arbitrary rule of law can be laid down as to what particular facts must be alleged and proven in order to justify a finding that the complaining party has suffered grievous bodily injury or has undergone grievous mental suffering.   A correct decision must always depend upon the sound sense and judgment of the trial court.   'Whether in any given case there has been inflicted grievous mental suffering or grievous bodily injury, is a question of fact to be deduced from all the circumstances of each particular case, keeping always in mind the intelligence, apparent refinement and delicacy of sentiment of the complaining party.'   (*Barnes* v. *Barnes,* 95 Cal. 171 [16 L. R. A. 660, 30 Pac. 298]; *Fleming* v. *Fleming,* 95 Cal. 430 [29 Am. St. Rep. 124, 30 Pac. 566]; *Andrews* v. *Andrews,* 120 Cal. 184 [52 Pac. 298]; *MacDonald* v. *MacDonald,* 155 Cal. 665 [25 L. R. A. (N. S.) 45, 102 Pac. 927]; *Donnelly* v. *Donnelly,* 26 Cal. App. 577 [147 Pac. 582]; *Perkins* v. *Perkins,* 29 Cal. App. 68 [154 Pac. 483]; *Maloof* v. *Maloof,* 175 Cal. 571 [166 Pac. 330]; *McCahan* v. *McCahan,* 47 Cal. App. 176 [190 Pac. 460]; *Crum* v. *Crum,* 57 Cal. App. 539 [207 Pac. 506].)   Therefore, in the case at bar, whether or not the acts and conduct of appellant inflicted grievous mental suffering, or grievous bodily injury, or both, upon the respondent, was a question of fact for the determination of the trial court from all the facts and circumstances in the case."   (*Hansen* v. *Hansen,* 86 Cal. App. 744 [261 Pac. 503, 504]; *Thoele* v. *Thoele,* 102 Cal. App. 387 [282 Pac. 1001].)

■   The finding that the two letters were written to the naval authorities with a malicious intent is supported by

the evidence. The record discloses that up to the time of sending them appellant had not, either personally or through her attorneys, requested information from respondent as to the whereabouts of her children although she at all times knew where he could be reached and her attorneys were in communication with him. For a period of five months immediately prior to respondent's removal to Los Angeles, appellant did not visit them although she lived in the same city. She did not notify respondent of her residence in Long Beach or of her desire to see her children despite respondent's repeated requests to her attorney for her address. Respondent was not in default in any payments but had forwarded them to her attorney in Washington in accordance with past custom and her request. In fact, she admitted that she had been previously advised by her attorney of his receipt of the August payment. The letters were forwarded to the immediate superior officers of respondent to whom he was required to make explanation and were then filed in the disciplinary files of the navy department. That respondent was, as he testified, embarrassed and humiliated as a result of the letters is reasonable to believe.

Likewise the trial court was justified in determining that the reference to respondent's housekeeper as the woman he was living with and her false testimony indicating the absence of extra sleeping accommodations were made with the intent of creating an impression of immoral conduct and in determining that respondent so interpreted the statements. That such an insinuation made in the presence of the minor children, together with the accusation to them that he was a rogue and a liar would reasonably cause respondent grievous mental suffering is not difficult to appreciate.

Appellant insists that because there is no evidence that the children or others believed in the truth of these insinuations and because the naval authorities took no disciplinary action in the matter the statements and letters did not inflict extreme mental cruelty. Although the belief by others of the truth of such accusations probably would, if known to the respondent, have accentuated his mental suffering, it is not essential, for in determining whether or not defamatory accusations constitute extreme cruelty

the test must be their effect upon the complaining spouse rather than their effect upon others.

We cannot say that the trial court who had the opportunity of observing the delicacy of sentiment and apparent refinement of respondent acted in abuse of a sound discretion in determining that the conduct of appellant constituted extreme cruelty and inflicted grievous mental suffering upon him within the meaning of section 94 of the Civil Code. The judgment, therefore, must be and is affirmed.

Tyler, P. J., and Knight, J., concurred.