[Civ. No. 1168. Fourth Appellate District.—February 18, 1935.]

DAISY F. CLINE, Appellant, v. HOSEA C. CLINE, Respondent.

M. C. Atchison for Appellant.

Utley & Nuffer for Respondent.

ALLYN, J., *pro tem.*—Plaintiff appeals from a judgment denying her a divorce on her complaint for cruelty, granting defendant a decree upon the grounds of cruelty upon his cross-complaint and setting aside the major portion of the property involved to defendant as his separate property. No useful purpose will be served by setting forth the evidence in the case on the charges and countercharges of cruelty. It is sufficient to say that there is ample evidence in the record to support the findings of the trial court in favor of the defendant. No hard and fast rule can be established as to what particular facts must be alleged and proved to justify a finding that a spouse has undergone grievous mental suffering. A correct decision must depend upon the sound sense of justice of the trial court. It is a question of fact to be deduced from all the circumstances of each case (*Barnes* v. *Barnes,* 95 Cal. 171 [30 Pac. 298, 16 L. R. A. 660]; *Shaw* v. *Shaw,* 122 Cal. App. 172 [9 Pac. (2d) 876]).

There is no substantial controversy as to the facts on the issue of property rights. At the time of the marriage of the parties in 1917 the defendant owned an undivided one-half interest in the New River Land and Cattle Com-

pany, of Phoenix, Arizona, at one time valued at more than $50,000, a one-half interest in an alfalfa ranch, and several lots of city property. Through the years following the marriage defendant acquired the entire cattle business through purchase by money raised through borrowing and through the sale of cattle and city lots and also divided his interest in the alfalfa ranch, securing some 80 acres thereof in absolute ownership. The cattle ranged in number from about 3,500 head to 1800 at the time of the sale of defendant's cattle interests, the fluctuation being caused by the natural increase of the herd and by decrease through sale and starvation brought about by the drought of 1925 and 1926. Prior to the sale of the Arizona properties plaintiff filed a desert claim on public land adjoining defendant's ranch, which claim was improved to some extent, all of the costs of filing and improvement being paid by the defendant out of the ranch moneys. In 1927 the defendant sold all of his Arizona holdings, netting some $40,000. As a part of the transaction plaintiff relinquished her desert claim to the purchaser, it being included in the general purchase price.

The parties then moved to the village of Bond's Corner, in Imperial County of this state, bringing with them the $40,000 salvaged from the Arizona enterprise. Here the defendant purchased an undivided one-half interest in a 20-acre tract of land with store buildings and other improvements and later a one-half interest in the general merchandise store operated thereon. The total purchase price of these properties amounted to about $15,000. The defendant subsequently sold his interest in the merchandise business. During all of this time and until the separation, plaintiff carried on her housewifely duties, cooked for the men and on occasion rode the range and upon their removal to California clerked in the store when she was needed. Defendant had no income except from the properties and business and had no occupation save the management thereof. At the time of the final separation the property consisted generally of the undivided interest in the real property at Bond's Corner, valued at about $10,000; $13,000 in cash, and miscellaneous personal property, including household furniture, of the total value of about $2,400.

On these facts the trial court found that all of the property was the separate property of the defendant save and except $2,000 allowed the plaintiff as the value of her desert entry, which was set aside to her as separate property and the household furniture, which was assigned to her by stipulation as community property.

"All property owned by the husband before marriage, and that acquired afterwards by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, is his separate property." (Civil Code, sec. 163.)

■ It is argued by the appellant that the separate character of the defendant's property was lost by intermixture and commingling with the community to such an extent that its identity was lost. It is true that in such a situation, where the separate property cannot be clearly segregated or traced, the community being the paramount estate, draws the whole mass to it. But it is also true that where the community interest is inconsiderable in the property with which it has been intermingled the community will not draw to itself a separate estate (*Estate of Cudworth*, 133 Cal. 462 [65 Pac. 1041] ; *Estate of Granniss*, 142 Cal. 1 [75 Pac. 324] ; *Estate of Pepper*, 158 Cal. 619 [112 Pac. 62, 31 L. R. A. (N. S.) 1092]). So, in this case the separate estate of the defendant is clearly traced through the various transactions in Arizona from the original estate with its rents, issues and profits and the natural increase of the cattle much depreciated in value to the $40,000 brought to California and here invested in the properties held by the defendant at the time of the trial. There is no evidence of any positive or substantial contribution to this estate by the community through the individual earnings of either spouse. Such earnings as the defendant may be said to have had by reason of his individual efforts in the management of his separate estate may well have been expended by him in the support of his wife, thus leaving his separate estate intact (*Estate of Cudworth, supra; Seligman* v. *Seligman*, 85 Cal. App. 683 [259 Pac. 984]).

■ Appellant cannot complain of the finding of the trial court that her desert entry in Arizona was her separate property and the judgment in her favor for the value thereof for the reason that she received the decision most favorable

to her under the facts of the case and hence she is not an aggrieved party (Code Civ. Proc., sec. 938; 2 Cal. Jur. p. 215).

The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.