[L. A. No. 16881.   In Bank.—Aug. 19, 1941.]

A. L. KEENER, Appellant, v. NELLIE D. KEENER, Respondent.

Jerrell Babb for Appellant.

Roy J. Farr for Respondent.

TRAYNOR, J.—Plaintiff filed an action for divorce on the ground of desertion against defendant to whom he had been married for over thirty years. Defendant answered and cross-complained for separate maintenance on the ground of extreme cruelty. Subsequently plaintiff filed an answer to defendant's cross-complaint and an amended complaint adding a second cause of action for divorce on the ground of defendant's alleged extreme cruelty. At the trial defendant amended her cross-complaint by adding a prayer for divorce. Plaintiff

dismissed his complaint and the action was tried on the cross-complaint of defendant as a default.

Defendant alleged in her cross-complaint as amended that during the last three years of her married life plaintiff on numerous occasions lost his temper and found fault with defendant in the presence of friends and acted in a peculiar manner, that he remarked in the presence of friends that defendant was not a good or proper wife, that he told her she should get out and support herself, and that he requested her to apply for work as a kitchen cook or servant. She alleged that these acts caused her grievous mental anguish.

At the trial defendant testified regarding the acts of the plaintiff substantially in accord with the allegations of the amended cross-complaint. She testified that this conduct was continuous, made her nervous and ill and caused her great mental suffering. A corroborating witness testified that she heard the testimony of defendant, knew the facts therein related and corroborated them in their entirety.

The court granted defendant a divorce upon her cross-complaint and plaintiff appealed.

Plaintiff contends that the facts alleged and proved by defendant were insufficient to sustain an action for divorce on the ground of extreme cruelty. Section 94 of the Civil Code defines extreme cruelty as "the wrongful infliction of grievous bodily injury, or grievous mental suffering, upon the other by one party to the marriage." In each case the infliction of "grievous mental suffering" is a question of fact to be deduced from the circumstances of the case, in the light of the intelligence, refinement and delicacy of sentiment of the complaining party. (*Barnes* v. *Barnes,* 95 Cal. 171 [30 Pac. 298, 16 L. R. A. 660]; *Fleming* v. *Fleming,* 95 Cal. 430 [30 Pac. 566, 29 Am. St. Rep. 124]; *MacDonald* v. *MacDonald,* 155 Cal. 665 [102 Pac. 927, 25 L. R. A. (N. S.) 45]; *Avery* v. *Avery,* 148 Cal. 239 [82 Pac. 967]; *Cline* v. *Cline,* 4 Cal. App. (2d) 626 [41 Pac. (2d) 588]; *Shaw* v. *Shaw,* 122 Cal. App. 172 [9 Pac. (2d) 876]; *Davis* v. *Davis,* 58 Cal. App. 100, 102 [207 Pac. 923]; *Van Camp* v. *Van Camp,* 53 Cal. App. 17, 22 [199 Pac. 885].) A correct decision must depend upon the sound sense and judgment of the trial court. (*Barnes* v. *Barnes, supra; Shaw* v. *Shaw, supra.*) Its conclusion will not be disturbed unless the evidence is so slight as to indicate an abuse of discretion. (*MacDonald* v. *MacDonald, supra;*

*Davis* v. *Davis, supra; Andrews* v. *Andrews,* 120 Cal. 184 [52 Pac. 298].)

A course of conduct by which one party to the marriage continually indicates dissatisfaction with the other and makes such dissatisfaction known to friends of the parties may well cause humiliation, embarrassment and mental anguish to a degree constituting extreme cruelty. In the instant case plaintiff was a teacher in the public schools and his loss of temper and repeated criticisms of defendant in the presence of their friends and his statements, after more than 25 years of marriage, that she should support herself were sufficient to constitute extreme cruelty if they prove to have caused her grievous mental suffering. The trial judge was in a position to observe the intelligence, refinement and delicacy of sentiment of the defendant and to determine whether plaintiff's conduct caused her grievous mental suffering. In the absence of an abuse of discretion, his conclusion cannot be disturbed.

Plaintiff contends that the defendant did not sufficiently allege or prove that his conduct was wrongful. While section 94 by its definition of extreme cruelty requires an element of wrongfulness, the pleader need not use the exact language of the statute. It is sufficient if the rational inference from the allegations of the cross-complaint is that the infliction of the suffering upon the other party was wrongful. (*Nelson* v. *Nelson,* 18 Cal. App. 602 [123 Pac. 1099] ; *McCahan* v. *McCahan,* 47 Cal. App. 176, 180 [190 Pac. 460].)

It was not necessary that defendant establish as part of her case her own freedom from fault where plaintiff in his answer to her cross-complaint did not allege any fault on her part and there was no evidence at the trial indicating that defendant was in any way responsible for plaintiff's course of conduct. Plaintiff did not see fit to cross-examine defendant or to offer any evidence on his own behalf.

It was not necessary that defendant plead the exact time and place of each of plaintiff's acts, for the conduct of which she complained was continuous and not confined to any particular time or locality. (*Zartarian* v. *Zartarian,* 47 Cal. App. 90 [190 Pac. 196].) Moreover, plaintiff did not see fit to demur specially to the amended cross-complaint. Nor was it necessary that defendant prove that plaintiff's course of conduct was inspired by malevolent motives. (*Barngrover* v. *Barngrover,* 57 Cal. App. 43 [206 Pac. 451].)

■ Plaintiff contends that the corroboration offered by defendant was inadequate. Where the cruelty consists of successive acts of ill-treatment, however, it is not necessary that there be direct testimony of other witnesses to every act sworn to by the complaining party. (*Andrews* v. *Andrews, supra.*) Here the corroborating witness stated that she heard the testimony of the defendant and knew the facts related therein to be true. No objection to this testimony was made by the plaintiff. The corroboration was sufficient.

■ Plaintiff complains of the failure of the trial court to make findings of fact. The parties joined in a written stipulation, filed with the clerk, waiving findings. Under such circumstances findings are not required. (Code Civ. Proc., sec. 632. See *Waldecker* v. *Waldecker,* 178 Cal. 566 [174 Pac. 36].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., and Carter, J., concurred.