[Civ. No. 21373.   Second Dist., Div. One.   Mar. 12, 1956.]

ANNA WASSERSTROM, Respondent v. JULIUS WASSERSTROM, Appellant.

Julius Wasserstrom, in pro. per., for Appellant.

Low & Stone and Sheldon Berlin for Respondent.

FOURT, J.—Plaintiff brought an action for divorce against the defendant wherein she alleged, among other things, that the defendant had been guilty of extreme cruelty, and that certain particularly described property was the community property of the parties. She requested a divorce, support and maintenance, reasonable attorney's fees and costs, restoration of her former name and all of the described community property. The defendant answered the complaint and filed a cross-complaint wherein he set forth that the parties were possessed of various items of community property consisting of both real and personal property, without describing the same, and further set forth that the plaintiff and cross-defendant had been guilty of extreme cruelty toward him, and requested that the court adjudicate and determine the community and separate property interests in the several items of property in question, and that it make a just disposition of the community property, and that he be awarded a decree of divorce.

The cause came on for hearing, each party being represented by counsel. The court made findings of fact wherein it found, among other things, that the plaintiff was a resident of the county and state for more than a year prior to the filing of the complaint; that she was married to the defendant in Los Angeles County on July 3, 1948, and separated October 8, 1952, and that there were no children; further, that the defendant had no funds with which to pay her attorney's fees or alimony; that the plaintiff had not been guilty of extreme cruelty toward the defendant; that the defendant had constantly humiliated the plaintiff by demanding a divorce; that he had belittled her; that during the major portion of the marriage he had refused to get a job and contribute to the support and maintenance of the wife, and that he had caused many arguments. The court also found that certain real property referred to as the Winona property was the separate property of the wife; that the community property consisted of a 1950 model automobile, $800 in a bank account at the Union Bank and Trust Company of Los Angeles, a 1940 model automobile, a $1,000 build-

ing and loan certificate, a leather goods business and a $500 bank account in the husband's name. From the facts as found, the court concluded that the wife was entitled to an interlocutory judgment of divorce; that when the judgment was final she should have her maiden name restored to her; that the Winona property was her separate property; that the plaintiff should have awarded to her, as her separate property from the community property, the 1950 model automobile and the $800 bank account. The defendant was awarded the 1940 automobile, the $1,000 building and loan certificate, the leather goods business and the $500 bank account. The plaintiff was denied alimony and was to pay her own attorney's fees; defendant to take nothing by the cross-complaint, except the community property above awarded to him. She was to recover her costs. Judgment was made and entered accordingly.

Defendant made a motion for a new trial and to vacate the judgment and such motion was denied. He thereafter filed his notice of appeal from the judgment and from the order denying the motion for a new trial.

Appellant contends that the trial court erred in (1) finding that he was guilty of extreme cruelty as charged, and (2) the distribution of the community property.

Section 94 of the Civil Code defines extreme cruelty as "the wrongful infliction of grievous bodily injury, or grievous mental suffering, upon the other by one party to the marriage." ▉ In each case, the infliction of grievous mental suffering is a question of fact to be determined from the circumstances of the case, in the light of the status of the parties. The conclusion and decision reached by the trial court will not be disturbed unless the evidence is so slight as to indicate an abuse of discretion. (*MacDonald* v. *MacDonald,* 155 Cal. 665, 670 [102 P. 927, 25 L.R.A.N.S. 45].)

▉ In this case there was ample evidence upon which the court could base its finding of cruelty on the part of the husband. Among other things, there was testimony that he made little or no contribution to the support of the family for a considerable period of time; that he stayed out to 5 o'clock in the morning on occasions; that he gambled; that he repeatedly humiliated her; that he refused to assume any responsibility; that he repeatedly said, "Well, if you don't like it send me a divorce." It was aptly stated in *Keener* v. *Keener,* 18 Cal.2d 445, at page 448 [116 P.2d 1], "A course of conduct by which one party to the marriage continually in-

dicates dissatisfaction with the other and makes such dissatisfaction known to friends of the parties may well cause humiliation, embarrassment and mental anguish to a degree constituting extreme cruelty. . . . The trial judge was in a position to observe the intelligence, refinement and delicacy of sentiment of the defendant and to determine whether plaintiff's conduct caused her grievous mental suffering. In the absence of an abuse of discretion, his conclusion cannot be disturbed.''

Appellant's contention that the court erred in the distribution of the community property is likewise not well taken. There was ample evidence that the plaintiff had certain real property before the marriage which she retained as her separate property after and during the marriage. The real property she had before marriage was sold and the money deposited in various banks in the name of the plaintiff. Later, following some intermediate transactions which did not affect the status of the funds, the plaintiff purchased a lot using a part of the monies from the separate bank accounts to pay for the same. She then made a construction loan and borrowed other monies from her sister, and caused an apartment house to be constructed on the premises. The matter of the purchase of the Winona property and the construction of the buildings thereon was never discussed with appellant. In *Citizens Nat. T. & S. Bank* v. *Hawkins*, 87 Cal.App.2d 535, 542 [197 P.2d 385], the court said: '' 'While the court in a divorce action should not ''assign the separate property of one of the spouses to the other'' (*Fox* v. *Fox*, 18 Cal.2d 645, 646 [117 P.2d 325]), yet when the issue has been made the court may determine whether the property is separate or community and quiet title in the rightful owner. (Citing cases.) . . .' In *Roy* v. *Roy*, 29 Cal.App.2d 596, 603 [85 P.2d 223], the court said: 'The jurisdiction of the court with respect to the disposal of property in a divorce action is found in section 137 et seq. of the Civil Code. As a general rule, and subject to certain exceptions not material here, the power of the court is limited to a disposition of the community property and the court is without power to pass upon a dispute as to separate property or the disposition of the same (citing cases). Another exception to the general rules arises where an issue is made by the pleadings as to separate property and both parties, without objection, have submitted the question to the court, in

which case. it has been held that under its general jurisdiction the court has power to hear the questions raised as to the ownership of separate properties and to make proper disposition thereof (citing cases).' "

The plaintiff's testimony shows clearly the source of the entire purchase price of the Winona property, and each part thereof was her undisputed separate property. The court apparently believed the plaintiff and disbelieved appellant, and made the judgment accordingly, which was perfectly proper. As to the division of the admittedly community property, the court was obviously extremely fair to the defendant.

The appeal from the order denying motion for new trial, being a nonappealable order is hereby dismissed. The judgment is affirmed.

Doran, Acting P. J., concurred.