[Civ. No. 19173. First Dist., Div. One. Mar. 20, 1961.]

GAYLE CHUNG, Respondent, v. HERBERT H. CHUNG, Appellant.

James Martin MacInnis for Appellant.

Noland, Hamerly & Etienne and Myron E. Etienne, Jr., for Respondent.

DUNIWAY, J.—Defendant husband appeals from an interlocutory judgment for plaintiff in an action for divorce, granted on the ground of extreme cruelty (Civ. Code, §§ 92, 94). The court found that the defendant treated the plaintiff with extreme cruelty.

The sole contention is that the evidence does not support this finding. There is considerable conflict in the evidence; we state only so much of it as supports the judgment. Appellant argued with respondent all the time to the extent that she couldn't stand it any longer. Appellant's voice was like a machine. The arguments took place at 1, 2 and 3 o'clock in the morning and awakened everyone in the house. During one argument appellant hit respondent. Appellant frequently called respondent a son-of-a-bitch and another four letter word which she preferred not to mention on the stand. Appellant lied to respondent, and took off on weekends while respondent was waiting for him at home. If someone should call for appellant, respondent wouldn't be able to inform the caller of appellant's whereabouts because appellant would "take off for even weeks, two weeks at a time," without respondent knowing where he was. When asked where he had gone, appellant would reply "None of your business." Appellant had called respondent's father stingy, which respondent considered to be "really ridiculing." Appellant would "spend money like water and yet on things like a little parking ticket or something" he would really raise a fuss. Appellant, who worked for a railroad, would tell respondent's parents that he would get them train tickets at a reduction, and when respondent's parents would approach respondent about them, it would be quite embarrassing. Appellant frequently called respondent a "bugatilla." Appellant lost money at the race track, one time losing one hundred dollars.

Respondent's witness testified that in her presence appellant had told respondent that she (respondent) was brainless,

that she walked funny, and that she was awful; she also testified that appellant was always criticizing respondent about her looks.

Respondent at the time of the trial had been under a doctor's care for a nervous condition for three and one-half months.

■ ''A course of conduct by which one party to the marriage continually indicates dissatisfaction with the other and makes such dissatisfaction known to friends of the parties may well cause humiliation, embarrassment and mental anguish to a degree constituting extreme cruelty.'' (*Keener* v. *Keener* (1941), 18 Cal.2d 445, 448 [116 P.2d 1]; see also *Kirsch* v. *Kirsch*, 119 Cal.App.2d 271, 274 [259 P.2d 444]; *Wasserstrom* v. *Wasserstrom*, 139 Cal.App.2d 798 [294 P.2d 197].) ■ The evidence was sufficient.

Affirmed.

Bray, P. J., and Tobriner, J., concurred.