[Civ. No. 25688. Second Dist., Div. Four. Feb. 21, 1962.]

STANLEY RUDDELL, Plaintiff and Appellant, v. PATRICIA RUDDELL, Defendant and Respondent.

Merton G. Wray and Herbert J. Adden, Jr., for Plaintiff and Appellant.

Thomas Lea Garry for Defendant and Respondent.

BURKE, P. J.—In an action for divorce defendant and cross-complainant wife was awarded an interlocutory decree in which it was adjudged that certain real property "... shall remain in joint tenancy, with the right of defendant and cross-complainant to reside therein; provided, however, that the defendant and cross-complainant shall have a lien in the amount of $3,500.00 upon the interest of the plaintiff and cross-defendant in·said joint tenancy." (Followed by a description of the property in question.) Plaintiff and cross-defendant husband has appealed from the judgment and demands a reversal on several grounds, one of which is that the court was without power to impress a lien in favor of defendant against plaintiff's share of the separate property of the parties. In a matrimonial dispute resulting in a decree of divorce in favor of one of the parties, the court is without power to assign the separate property of one spouse to the other. (*Fox* v. *Fox*, 18 Cal.2d 645 [117 P.2d 325].) The power of a court to assign property upon the dissolution of a valid marriage does not extend to interests held in joint tenancy. (*Turknette* v. *Turknette*, 100 Cal.App.2d 271 [223 P.2d 495].)

If, after a divorce of spouses has been decreed, the termination of their joint tenancy title to a property is deemed necessary, either may commence an appropriate action to effect a partition.

 Plaintiff husband also asserts that there was no corroboration of the acts of cruelty charged; however, upon a review of the transcript some corroboration is to be found in the testimony of plaintiff husband's mother. Plaintiff's own testimony lends further weight to the mother's corroboration, and under the circumstances concerning the particular charges of cruelty, the corroboration is sufficient. (*Keener* v. *Keener*, 18 Cal.2d 445 [116 P.2d 1].)

Plaintiff husband also asserts that the trial court abused its discretion in awarding defendant $160 every two weeks

for child support and alimony in view of plaintiff's earnings. In resisting the contention of plaintiff, defendant wife points out that plaintiff based his figures upon his net income, without regard to his gross earnings, asserting that plaintiff would be entitled to receive an income tax refund with the five tax exemptions to which he would be entitled. Defendant further contends that plaintiff was living with his mother and therefore had a minimum of expense, which fact the trial court noted in arriving at its conclusion.

In the pendente lite order of November 14, 1960, the defendant wife was ordered to apply $119.32, of the alimony and child support payments ordered paid to her, on the monthly house payments on the joint tenancy property. The interlocutory decree is silent with respect to these payments. It may be assumed, as the parties appear to have done from certain references in their briefs, that the court contemplated that having ordered the joint tenancy property held *in statu quo*, with the right of the defendant wife to reside therein, the latter would be expected to make such payments. However, in view of our holding that the court was without power to assign the joint tenancy interests the cause is remanded to the trial court with instructions as follows:

(1) It is ordered that paragraph numbered five of the interlocutory judgment of divorce purporting to deal with the joint tenancy property and awarding defendant wife a lien thereon be stricken in its entirety.

(2) Paragraph numbered three is ordered stricken and the court is directed to make new findings with respect to alimony and child support after giving consideration to (a) the net earnings of the husband as affected by income tax deductions and refunds, and (b) earnings by the wife. The court may take additional evidence as to such matters if it deems it necessary.

The judgment is affirmed in all other respects.

Each of the parties hereto will bear his own costs on appeal.

Jefferson, J., and Balthis, J., concurred.