[S. F. No. 2890.   Department Two.—November 14, 1904.]

C. A. HOOPER et al., Respondents, v. L. N. FLETCHER et al., Respondents, and JAMES H. BARKER et al., Appellants.

FRANK OLMO et al., Appellants, v. L. N. FLETCHER et al., Respondents.

} Consolidated Cases.

MECHANICS' LIENS—FORECLOSURE—FINDING AS TO LIEN FOR ATTORNEYS' FEES—SUPPORT OF JUDGMENT—ISSUES—NEW TRIAL.—In an action to foreclose mechanics' liens, a finding of fact, upon which the land of the owner was charged with a lien for attorneys' fees, to the effect that after payment of the fund into court the owner had entered into a contest with certain claimants as to the disposition of the fund, which finding is necessary to support the judgment for such lien, is not outside of the issues upon which the court was called upon to pass, and is reviewable upon motion for new trial, on the ground that such finding is unsupported by the evidence.

ID.—APPEAL FROM ORDER GRANTING NEW TRIAL—REVIEW OF ORDER—NEW TRIAL AS TO ATTORNEYS' FEES AND COSTS.—Where the order granting a new trial generally was made, after failure of the plaintiffs to comply with an order to the effect that it would be granted if attorneys' fees were not remitted, the order granting a new trial for insufficiency of the evidence to sustain a finding thereupon will be affirmed, so far as it grants a new trial upon the issue as to attorneys' fees and costs, and the respondents will be allowed to recover their costs of appeal.

ID.—OWNER, WHEN NOT LIABLE FOR INTEREST OR COSTS.—Where the building contract appears to be valid and the owner before the trial of actions to foreclose mechanics' liens pays the residue of the fund properly remaining in his hands as due to the contractor, to be applied toward payment of the claimants of liens, the owner is not liable for interest or costs.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. Thomas F. Graham, Judge.

..The facts are stated in the opinion of the court.

Wickliffe Matthews, for Frank Olmo et al., Appellants.

Barna McKinne, and E. Bianchi, for Andrew Christensen, Appellant.

William H. Jordan, for Joost Brothers, a Corporation, Appellant.

Richard Percy Henshall, and Wilmer Muma, for James C. Powers, Appellant.

C. L. Dam, for J. B. Powell, Appellant.

J. S. Macks, and William Tomsky, for Lowry & Daly, Appellants.

Stafford & Stafford, for Henry Simas and Jane Simas, Respondents.

William F. Sawyer, for C. A. Hooper et al., Respondents.

Walter S. Brann, for E. B. Bailey et al., Respondents.

Daniel C. Deasy, for W. H. Preble et al., Respondents.

Hu Jones, for E. Davies et al., Respondents.

L. N. Fletcher, Respondent, *in pro. per.*

McFARLAND, J.—These are consolidated cases brought to foreclose mechanics' liens against a house and lot of land on which it stands, owned by the defendant Henry Simas. Judgment was rendered for plaintiffs and certain defendants and cross-claimants, but afterwards a motion of defendant Simas for a new trial was granted, and from the order granting the new trial certain parties have appealed.

Simas, the owner of the land, entered into a written contract with the defendant Fletcher for the construction of the house in question for $2,050, payable in four equal installments. The appellants are persons who furnished labor and materials for Fletcher. Simas made the first two payments,

but retained the last two, amounting to $1,025, and this last-named sum was the only amount in which he was liable to the lienholders, provided the said contract with the original contractor Fletcher was a valid one under the Mechanic's Lien Law. The contract, in form and substance, was in compliance with the law; but it was averred in the complaints that it was void because it had not been recorded—in which event the lienholders would be entitled as against Simas to the full amounts of their liens, which greatly exceeded the said.$1,025. Simas answered denying that the contract had not been recorded, and averring that it had been so recorded and was a valid contract. This was the only issue he made in his answer; he admitted that he had the said $1,025 in his hands, averred his readiness to apply it to the payments of the liens, and that he had paid it into court; and asked the court to determine the shares of each lienholder in the fund, and that his property be released from the liens. He had not then, in fact, paid the money into court as averred, but he did so before the trial. The court found in his favor as to the issue of the validity of the contract with Fletcher, that it had been duly recorded and was a valid lien, and that "the amount of the contract price that is liable to the liens and claims of plaintiffs and defendants who are cross-complainants herein is the sum of . . . $1,025, and the said property is subject to said liens for said sum." But the court found in finding XII "that said defendant Henry Simas answered to the complaints of plaintiffs and cross-complaints of defendants herein, and participated in the trial herein and entered into a contest in favor of certain defendants and lien claimants, and against certain other defendants and lien claimants, and generally contested as to the disposition of said fund so deposited, and delayed and harassed plaintiffs and defendants, who were lien claimants in the collection of their claims out of said fund." And the court decreed that in addition to the said balance of $1,025 unpaid on the contract price, there should also be a lien on the said premises of Simas for a large amount of attorneys' fees, amounting to five hundred dollars, and also interest on the $1,025 from January 30, 1900, which was the thirty-fifth day after the completion of the building, —and judgment was so entered. Defendant Simas moved for a new new trial on various statutory grounds, and, among

others, the insufficiency of the evidence to justify the decision, and specified its insufficiency to sustain the finding XII above quoted. The court granted the motion for a new trial, but had made a previous order to the effect that such motion would be granted unless within a stated time "counsel fees and interest are remitted," which was not done. From this order granting a new trial this appeal is taken.

Of course, the general rule is, that the order of the trial court granting a new trial will not be disturbed here unless an abuse of discretion in making the order clearly appears; and we see no such abuse in this case. The court was clearly warranted in holding that the said finding XII was not supported by the evidence; and upon that finding alone could the lien for the attorneys' fees be sustained. As to the only question which the respondent Simas raised by his answer he was the prevailing party, and there was no ground for imposing a lien on his land for these onerous attorneys' fees, in addition to the balance due on the contract unless the facts found in finding XII were true. That finding was obviously made in view of the decision in *De Camp Lumber Co. v. Tolhurst*, 99 Cal. 631, which was a mechanic's lien case, and in which the court said that "The appellants, however, retained the money, and apparently without cause or right raised a contest on every point and fought the case through to the end. By so doing they delayed the respondents in recovering money to which they were justly entitled and put them to unnecessary expense. Under such circumstances, we think the respondents' costs and attorneys' fees were properly allowed and made payable out of the proceeds of the property ordered to be sold."

Appellants contend, however, that the question whether the attorneys' fees were properly allowed was a pure question of law, and could not be reached on a motion for a new trial. The position taken is, that there can be a new trial only on an issue of fact; that, under former decisions, the trial court may award attorneys' fees in a mechanic's lien case whether or not there is any averment, or prayer, or traverse on that subject in the pleadings, and may allow such fees in excess of the amount prayed for; that as pleadings on the subject are not necessary, there can be no issue of fact involved; and that, therefore, finding XII is outside of the issues and should be

entirely disregarded. In answer to this technical point of view, it might, we think, be properly said that as appellants made no such point in the court below or in the proceedings on motion for a new trial, they are equitably estopped to raise it here for the first time. But however that may be, we think that the question disposed of by finding XII was properly before the court for adjudication, and presented an issue of fact the determination of which is reviewable on a motion for a new trial. It is true that issues of fact are generally raised by specific averments and denials in the pleadings; but in a case like the one at bar the law imposes upon the court the duty of determining whether attorneys' fees should be allowed, and, if so, for what amount; and upon this question each party has the right to introduce evidence. It cannot be said, therefore, that a finding of fact as to attorneys' fees is really outside the issues in the sense that it has nothing to do with the case and is to be totally disregarded. The law itself brings the question of attorneys' fees into the case for adjudication, and when, as in the case at bar, the court makes a finding of fact on this subject, which finding is necessary to the support of the judgment, such finding, like any other finding of fact, is reviewable on motion for a new trial.

We are of the opinion that the defendant was not liable for interest or costs.

The order granting a new trial is affirmed so far as it grants a new trial upon the issue as to attorneys' fees. In all other respects said order is reversed, and the cause is remanded for retrial solely upon the issue as to attorneys' fees and costs, the respondents to recover costs of appeal.

Henshaw, J., and Lorigan, J., concurred.

Rehearing denied.