[Civ. No. 2344.  Second Appellate District, Division One.—November 7, 1919.]

F. G. WOOD, Respondent, v. BERTHA M. DAILEY, Appellant.

[1] FINDINGS — OMITTED ISSUE — APPEAL ON JUDGMENT-ROLL — PRESUMPTION.—Where an appeal is presented on the judgment-roll alone, the appellate court must assume that no evidence was produced on an issue omitted from the findings of the trial court.

[2] ID.—FAILURE TO OFFER EVIDENCE.—Where no evidence is offered in support of a given issue, the trial court is under no obligation to make a finding upon that issue.

[3] Id.—Insufficiency of Evidence—Failure to Find on Issue.— Failure to find on an issue is not ground for reversal where the record discloses no evidence on which a finding favorable to the complaining party could properly have been made.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing to vacate and set aside the judgment and enter a judgment in favor of the defendant. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Slosson & Mitchell for Appellant.

Hyman Schwartz for Respondent.

CONREY, P. J.—The defendant appeals from the judgment and from an order refusing to vacate and set aside the judgment and enter a judgment in favor of the defendant.

By her cross-complaint defendant sought to recover damages for the unlawful detention by the plaintiff of an automobile of the defendant from the first day of March to the eighteenth day of October, 1915. It was alleged that the reasonable value of the use of the automobile was the sum of ten dollars per day, and that defendant was damaged on account of the unlawful detention in the sum of $2,320. All of the allegations of the cross-complaint were denied by the answer thereto. The findings of fact were in favor of cross-complainant, except that the findings are silent on the issue as to reasonable value and amount of damages.

[1] Let it be assumed, as contended by appellant, that the findings of fact, if supplemented by a finding establishing the reasonable value of the use of the automobile and the amount of damages, would have entitled cross-complainant to judgment for the amount so determined; nevertheless, the judgment must be sustained. The appeal is presented on the judgment-roll alone. This being so, this court, in determining the appeal, must assume, in the absence of any showing to the contrary, that no evidence was produced on the issue omitted from the findings. [2] If there was no such evidence, the court was not under obligation to make a finding upon that issue. [3] The failure to find on an issue is not ground for reversal where the record discloses no evidence on which a finding favorable to the complaining

party could properly have been made. (*Maloof* v. *Maloof*, 175 Cal. 571, [166 Pac. 330] ; *Mohr* v. *North Rawhide Mining etc. Co.*, 177 Cal. 264, [170 Pac. 600].)

The judgment and order are affirmed.

Shaw, J., and James, J., concurred.