[Civ. No. 4001.   First Appellate District, Division One.—November 19, 1921.]

## SUSIE H. BENNETT, Respondent, v. GEORGE E. BENNETT, Appellant.

[1] DIVORCE — EXTREME CRUELTY — ACTS OF INTEMPERANCE — LOOSE HABITS OF LIVING.—Intemperance with frequent intoxication often in public places and at home and loose habits of living, remaining often away from home overnight and being seen with other women in restaurants and places of resort, furnish sufficient basis for an action for divorce on the ground of extreme cruelty.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Dunne, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. L. James, Jr., C. A. S. Frost and Francis V. Keesling for Appellant.

Scrivner & Hettman for Respondent.

RICHARDS, J.—This appeal is from an interlocutory decree in an action for divorce.

[1] The complaint alleged and the trial court found extreme cruelty on the part of the defendant as the basis of the action and decree. The appellant attacks the findings of the trial court upon this issue as not sufficiently supported by the evidence, and also upon the ground of insufficient corroboration to satisfy the requirements of the code. We have examined the record with respect to both of these contentions, and we do not find that either of them can be sustained. The parties to this action intermarried in San Francisco on April 11, 1889. At the time of their marriage the defendant was employed in a stevedore and ballasting business then chiefly owned by a man named Hazeltine at a salary of ninety dollars a month. He continued in this employment for about two years when his wife, the plaintiff

---

1. Drunkenness as affecting cruel and inhuman treatment in action for divorce, notes, **Ann. Cas.** 1918B, 480, 500; **Ann. Cas.** 1912C, 655; 34 **L. R. A.** 449.

herein, by mortgaging some property of her own was enabled to assist him in forming a partnership with his employer. From this on the defendant appears to have prospered financially until at the time of the final separation between the parties hereto in 1919 he had acquired valuable interests in several corporations, and was in receipt of a salary from these aggregating about four hundred dollars a month, besides being possessed of several pieces of real estate. With this increasing prosperity came convivial habits, which grew into intemperance with frequent intoxication, often in public places, and at home, causing his wife much humiliation and distress of mind. While thus intoxicated upon one occasion he undertook to drive an automobile upon a public highway in Marin County with the result that it was overturned, a lady guest of himself and wife was killed, and both his wife and himself severely injured. He also took to loose habits of living, remaining often away from his home overnight and being seen with other women in restaurants and places of resort. These lapses, while they may not have furnished ground for divorce either upon the ground of habitual intemperance or of infidelity, were alleged and shown to have caused his wife great mental anguish and serious physical and nervous disorder. They thus furnished sufficient basis for an action for divorce upon the ground of extreme cruelty. (*Grierson* v. *Grierson*, 156 Cal. 434 [134 Am. St. Rep. 137, 105 Pac. 120].)

Upon the question of corroboration of the evidence of witnesses other than the plaintiff herself, it was, we think, ample to satisfy the section of the code requiring additional evidence in divorce cases. The attack which the appellant makes upon certain of these witnesses might possibly have served its purpose in the trial court, but it could have no influence here, since the trial court accepted the testimony of these witnesses and found the facts to be in accord with it. Taking the record as a whole we think that the findings of the trial court were justified by the evidence and that its interlocutory decree was correct.

Judgment affirmed.

Kerrigan, J., and Waste, P. J., concurred.