[Civ. No. 8293. First Appellate District, Division One.—June 17, 1932.]

T. J. NESTOR, Appellant, v. RICHARD BURR et al., Respondents.

C. Roy Smith for Appellant.

Burr A. Brown for Respondents.

KNIGHT, J.—In this action to quiet title to real property the judgment decreed title and right of possession in plaintiff, but that defendants "first have and recover of and from plaintiff the sum of twenty-five hundred twenty-eight dollars". Plaintiff appeals from the portion of the judgment quoted, and presents his appeal on the judgment-roll alone, contending as grounds for reversal that the findings are insufficient to sustain the portion of the judgment from which the appeal is taken.

The court found that plaintiff was the owner in fee and entitled to the possession of the property, and that defendants had no interest therein "other than that which arises solely by reason of a certain agreement of sale and purchase made and entered into the 18th day of June, 1924"; that under said agreement plaintiff agreed to sell and defendants agreed to buy said property for $5,500, of which defendants agreed to pay $550 at the time of the execution of the agreement and the balance in thirty-six equal monthly installments with interest; that in said agreement it was provided that time was of the essence thereof; that in default of making the payments plaintiff was given the option, without being required to give notice of the exercise thereof, to declare the agreement null and void

and thereupon was entitled to immediate possession of the property and to retain all payments theretofore made as rental for the use of the property; that waiver of any breach of condition or covenant should be construed as a waiver of any succeeding breach, and that no verbal agreements at variance with the written agreement were valid or binding on the seller. The court then found that at the time of the commencement of the action (April 6, 1929) defendants were and that ever since January 18, 1925, they had been in default in their payments and that no extensions had been given by plaintiff, "and even though plaintiff did on the 20th day of October, 1928, give defendant Richard Burr notice in writing that said agreement would be cancelled if a substantial payment was not made thereon before November 1, 1928, no payment has been made thereon since the 15th day of January, 1927". The concluding finding (IV) was as follows: "The court finds that the seller agreed in said agreement that he would, within a reasonable time, grade and gravel the streets in said tract No. 8245 according to the contract and bond theretofore given by him, the seller, to Los Angeles county, California. The court finds that plaintiff consumed more than twelve (12) months' time from and after the 18th day of June, 1924, in grading and graveling the streets in said tract No. 8245, but finds further that it is not true that defendants, or either of them, have been damaged to the extent of ten thousand five hundred dollars ($10,500) or any sum whatever, by reason of the failure of plaintiff to grade and gravel the streets in said tract No. 8245 within twelve (12) months' time from and after the 18th day of June, 1924." The conclusions of law drawn from the above findings were "that the plaintiff is entitled to judgment declaring him to be the owner in fee and entitled to the possession of the real property described in plaintiff's complaint on file herein, and decreeing that the said defendants do not, nor do either of them, have any right, title, interest, claim, or estate therein or thereto, but, that the said defendants shall first have and recover of and from plaintiff the sum of twenty-five hundred twenty-eight dollars ($2528.00)."

It is fundamental that a judgment entered upon the decision of a trial court must be supported by and

conform to the findings (24 Cal. Jur. 996), and it is apparent without the aid of discussion that the foregoing findings disclose no facts authorizing the rendition of a money judgment against plaintiff. Defendants endeavor to explain the portion of the judgment in question upon the theory that the amount awarded them represented the total sum they paid to plaintiff under the agreement; but there is no finding that they ever paid any such amount; and even if there were it would not follow that they were entitled to the return thereof in the absence of additional findings showing a rescission or of facts from which it might be determined that they were entitled to rescind; and admittedly there are no such findings. ▇ In this connection defendants call attention to the allegations of the special defenses pleaded in their answer, which they assert were sustained ''by a preponderance of credible testimony'', all of which may be true, but no findings whatever were made on those allegations, and since the evidence is not before us and the validity of the judgment is to be measured by the findings as set forth in the judgment-roll, it must be presumed that the omission to find on those allegations was the result of failure to offer any evidence in support thereof. (*Estate of Shirey*, 167 Cal. 193 [138 Pac. 994]; *Wood* v. *Dailey*, 44 Cal. App. 219 [186 Pac. 177].)

▇ We cannot agree, however, to appellant's final proposition, that this court modify the judgment by eliminating therefrom the portion which the findings do not support. In the present state of the record the rendition of a different judgment will require new findings, which, in the absence of the evidence, we are unable to make. The judgment is therefore reversed.

Cashin, J., and Tyler, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 16, 1932.