[Civ. No. 1366.  Fourth Appellate District.—March 9, 1935.]

MAJOR MAGARIAN, Appellant, v. SILAS MOSER et al., Respondents.

Clyde Cate and Ray W. Hays for Appellant.

Harold M. Child and Halbert & Stone for Respondents.

ALLYN, J., *pro tem.*—This is an appeal by plaintiff from a judgment in favor of defendants on their cross-complaints in an action arising out of a collision between two automobile trucks. Both drivers were proceeding in a general easterly direction, the plaintiff, driver of the leading truck, well to the right-hand side of the pavement. One of the defendants, driving the overtaking truck proceeding at a greater rate of speed, sounded his horn, turned to the extreme left of the road, giving sufficient clearance to pass. When he was but a few feet from the rear of the first truck its driver suddenly swerved to the left into the path of the overtaking vehicle and was struck by it.

The findings of the trial court are against plaintiff and in favor of the defendants on the issues of negligence and as conclusions of law judgment was ordered against plaintiff on his complaint and in favor of the defendants on their cross-complaints. The trial court, in addition to its formal findings and conclusions, filed a written opinion which is in some respects inconsistent with the findings and conclu-

sions. There is, however, no lack of conformity of the judgment with said findings and conclusions.

■ When findings are required the decision of the court is rendered when they are made and filed with the clerk as required by sections 632 and 633 of the Code of Civil Procedure. The court retains power to amend and change them and to enter judgment different from that first announced. This power continues until the entry of the judgment. (*Brownell* v. *Superior Court*, 157 Cal. 703 [109 Pac. 91].)

■ We have been shown no authority to support appellant's argument that the written opinion of the trial judge constituted a part of the court's decision and that its inconsistency with the findings and conclusions filed deprives the judgment of the support and conformity required by law. It is obvious that the judgment as entered must be supported by and conform to the findings (*Nestor* v. *Burr*, 124 Cal. App. 369 [12 Pac. (2d) 479]), but it seems equally clear that a written opinion of the trial court is no more a part of the decision rendered than an oral pronouncement can be and that such opinion, even if inconsistent with the formal conclusions reached by the court, cannot be made the basis for a reversal when the findings, conclusions and judgment are consistent.

■ It is argued that the driver of defendant's truck had the last clear chance to avoid the collision and hence plaintiff should have taken judgment. This argument is based upon false premises: First, that the defendant's driver was negligent; and second, that plaintiff's negligence did not continue to the moment of the impact. The trial court on conflicting evidence found adversely to plaintiff on each of these questions. There is ample evidence to support both the finding that the defendant's driver was not negligent in attempting to pass plaintiff's truck after giving an audible signal and turning a safe distance to the left of the highway, and the further finding that the plaintiff was negligent in swerving suddenly to the left into the path of the overtaking vehicle. ■ Even if the driver of defendant's truck had been found to be negligent it does not appear that the last clear chance doctrine would apply because in order to do so it must have been found that the defendant's driver could, by the exercise of reasonable dili-

gence, have avoided the collision and further that the plaintiff was not actively and contemporaneously at fault until the moment of the impact. (*Rasmussen* v. *Fresno Traction Co.*, 138 Cal. App. 540 [32 Pac. (2d) 1091].)

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.