[Civ. No. 15575.   Second Dist., Div. Two.   Jan. 29, 1947.]

CAROLYN L. MARIE FARRAND, Respondent, v. ROD-
ERICK CLOYER FARRAND, Appellant.

Harold D. Kraft for Appellant.

Ben M. Kochman for Respondent.

McCOMB, J.—From an interlocutory decree of divorce in
favor of plaintiff predicated upon the ground of extreme
cruelty, defendant appeals.

Plaintiff filed a complaint for divorce in which she alleged
that since the marriage of the parties defendant had treated
her in a cruel manner and had inflicted upon her grievous
mental suffering and anguish.  No specific acts of cruelty
were alleged.

The only question necessary for us to determine is:

*Was there substantial evidence to support plaintiff's allega-
tion that defendant had treated her in a cruel manner and
inflicted on her grevious mental suffering and anguish?*

This question must be answered in the negative.  The only
evidence material to this issue was offered by plaintiff and
her brother, Vinson A. Soderberg.  The pertinent portion of
plaintiff's testimony is as follows:

"Q.   You charge that your husband was cruel to you.  Of

what particular matters are you complaining? A. That he drank too much, for one thing.

"Q. During the last year you lived together, how often was he actually drunk, an average of once a week or what? A. Oh, more than that, twice.

"Q. What effect did that line of conduct have on you, keep you nervous and upset? A. Yes."

Mr. Soderberg's testimony bearing on the same subject was as follows:

"Q. Do you know her husband, Roderick Farrand? A. I do.

"Q. During the year from July of 1942 to July of 1943, about how often did you see him? A. Oh, one to three times a week.

"Q. Did you ever see him drunk? A. Yes.

"Q. About how often, an average of at least once a week? A. At least."

It is the rule that mere drunkenness on the part of one spouse is not such cruelty as to entitle the other to a divorce on the ground of cruelty. To constitute extreme cruelty sufficient to support a decree of divorce when no bodily injury is involved, there must be a showing that the offending spouse's conduct has caused the plaintiff *grievous mental suffering.* (See *Truax* v. *Truax,* 62 Cal.App.2d 441, 443 et seq. [145 P.2d 88]; *Stanton* v. *Stanton,* 113 Cal.App. 462, 464 [298 P. 524]; *Bennett* v. *Bennett,* 55 Cal.App. 268, 269 [203 P. 162]; 17 Am.Jur. [1938] 180, § 58.)

It is apparent that the only evidence in the instant case bearing upon cruelty falls far short of meeting the requirements of the foregoing rules. The evidence fails to show that defendant's intoxication caused plaintiff *grievous mental suffering.* It would merely support a finding that plaintiff was "nervous and upset," which as held in *Truax* v. *Traux, supra* 444, does not constitute grievous mental suffering sufficient to sustain an interlocutory decree of divorce predicated upon the ground of extreme cruelty.

For the foregoing reasons the judgment is reversed.

Moore, P. J., and Wilson, J., concurred.