[Civ. No. 18100. Second Dist., Div. Two. Mar. 19, 1951.]

MARY MARTHA MUSE, Appellant, v. HARRY L. MUSE II, Respondent.

Mark F. Jones, Jr., for Appellant.

No appearance for Respondent.

WILSON, J.—From an order denying her application for an increase in the amount awarded her for child support, plaintiff appeals.

The sole question for determination is whether the trial court abused its discretion in refusing to grant the increase.

In the divorce action between the parties plaintiff was given custody of the minor child and defendant was ordered to pay $30 a month for his support. By this proceeding, on an order to show cause, plaintiff seeks a modification of the support order from $30 to $75 a month.

Plaintiff testified that the child has suffered from paralysis since birth and requires braces; that the braces are hard on his clothes and he needs new shoes every month; that her only income is the $30 a month paid by defendant. It is her contention that since defendant's income is $350 a month, in addition to which "he would normally be receiving an additional income of $37.50 per month as rental," the $30 a month awarded for the support of his first child is "unreasonably disproportionate to the amount allowed for the support of the four members of the second family."

Defendant has remarried and has two children of the second marriage. He testified that he was making monthly payments to a bank on loans for furniture, dental bills and an airplane loan which was incurred prior to his second marriage, the total of such payments being $39; that his living expenses for his present wife and their two children together with the $30 which he contributes to the support of his first child amount to within $4.00 of his monthly income with no allowance being made for clothing; that he was also carrying a $10,-000 insurance policy, of which his first child was the beneficiary, at a cost of $6.70 a month; that his chicken business was not making money but was losing a little; that a friend of his who normally lived with him contributed $37.50 toward the rent when he was residing with him but that he was at the present time in New York for an indefinite period.

A wide discretion rests in the trial court with respect to the amount to be awarded for child support. Conceding that the child is in need of additional funds it does not appear from the evidence that the father has the present ability to pay much if any more than he is currently contributing.

Order affirmed.

Moore, P. J., and McComb, J., concurred.